## STATE V. BRADFORD.

Under Laws 1897, Chap. 72, § 12, prohibiting, under penalty, any vendor of spirituous liquors from obstructing his place of business so as to prevent a free view therein from the street. an indictment for the violation of such requirement must aver that accused was licensed to sell intoxicating liquors, since a licensed dealer, only, can commit the offense created by such act.

CORSON J., dissenting.

(Opinion filed June 1, 1900.)

Error to circuit court, Meade county. Hon. JOSEPH B. MOORE, Judge,

Clarence L. Bradford was indicted for a violation of the liquor laws. A demurrer to the indictment was sustained and the state brought error. In an opinion found in 12 S. D. 207, 80 N. W. 143, the decision of the trial court was reversed. A re-hearing was subsequently granted. This opinion is upon the rehearing. The former decision of this court is reversed and the decision of the trial court affirmed.

*John L. Pyle*, attorney general, and *J. F. McClung*, state's attorney (*Robert C. Hayes*, of counsel), for the state.

*M. McMahon*, and *McLaughlin & McLaughlin*, for defendant in error.

FULLER, P. J. When this case, now before us on rehearing, was formerly considered, the force and effect of Article 27 of

the constitution adopted in 1898 was the only question settled, although it was argued by counsel for defendant in error, in support of the order sustaining the demurrer, that the indictment does not state facts sufficient to constitute a public offense, for the reason that it is not alleged that the accused was a licensed vendor of intoxicating liquors. State v. Bradford, 12 S. D. 207, 80 N. W. 143. In that opinion Judge HANEY concurred in the conclusion reached upon the constitutional question, but entertained the opinion that the indictment was insufficient under the statute, and for the purpose of considering that point alone a rehearing was granted. Omitting formal parts, the in dictment is as follows: "That Clarence L. Bradford, late of said county, yeoman, on the 5th day of June in the year of our Lord 1899, at the county of Meade and the State of South Dakota, and within the jurisdiction of this court, in a certain building, situated on lot number four (4) in block number sixteen (16) of the city of Sturgis, said county and state, in a certain room therein, in which said room the said Clarence L. Bradford was then and there engaged in and carrying on and conducting the business of selling malt and spirituous liquors at retail as retail dealer, and the said room and said business so conducted therein being then and there under the care, control, and management of said defendant, he, Clarence L. Bradford, the above named defendant, then and there did willfully, knowingly, and unlawfully permit, have, and maintain and keep a partition within and across said room, in such manner and position whereby and by means of which the free and unobstructed view into the interior and entire of said room from the main street was prevented." Section 12 of Chapter 72 of the Laws, of 1897 (being what is known as the "Liquor License Law")

provides, "It shall be the duty of all vendors of malt, spirituous or vinous liquors under the provisions of this act to keep the windows and doors of their respective places of business unobstructed by screens, blinds, paint, or other articles, and not to have the windows located in such manner as to prevent the free and unobstructed view from the main street into the entire room or place where any of the intoxicating liquors mentioned in Section 1 of this act are sold." The urgency of the public necessity for an early decision upon the constitutional question, to test which this prosecution appears to have been instituted, is the only reason that the writer of this opinion can assign for having omitted to determine whether a licensed dealer is the only person capable or committing the offense created by the foregoing act. It now seems clear that a licensed dealer, "under the provisions of this act," is the only vendor of malt, spirituous, or vinous liquors subject to the penalty of the law for obstructing the view in the manner specified. Consequently, in order to bring the accused within the statute and sustain a conviction, it must be alleged and proved beyond a reasonable doubt that he was then and there duly licensed to sell intoxicating liquors. 11 Enc. Pl. & Prac. 573. Without receding from the view that the constitutional amendment of 1898 considered in our former opinion is neither self-executing nor prohibitory, and that the same in no manner operates to disturb the existing license law, we conclude that the indictment is demurrable for the reason above specified; and the order of the trial court sustaining the demurrer, and presented here for review, is affirmed.

CORSON, J., dissenting.