### STATE v. DUNNING *et al.*

1. In a prosecution for selling intoxicating liquors, as a beverage, without a license, under Laws 1897, Chap. 72, which took effect March 3, 1897, it was error to permit evidence of sales by defendants which was not limited to sales made between the time when the statute took effect and when the indictment was presented.

2. Laws 1897, Chap. 72, § 5, provides that any person selling intoxicating liquors without a license shall be punished, and Section 27 provides that a registered pharmacist selling intoxicating liquors to be used as a beverage shall be fined for the first offense, and for the second shall forfeit his registration, and be liable to all penalties, prosecutions and proceedings against persons selling without authority. *Held*, that defendants who were registered pharmacists, and not guilty of a second offense, could not be convicted of selling intoxicating liquors as a beverage at retail without a license.

3. In a prosecution for selling intoxicating liquors without a license, it was improper for the prosecuting attorney in his argument to state that the defendants "under prohibition, always run a blind pig, and are now selling."

(Opinion filed April 2, 1901.)

Error to circuit court, Beadle county, HON. A. W. CAMPBELL, Judge.

Philomen Dunning and Charles Longstaff were convicted of selling intoxicating liquors without a license, and they bring error. Reversed.

The facts are stated in the opinion.

*W. A. Lynch* and *E. H. Aplin,* for plaintiffs in error.

*John L. Pyle,* Attorney General, and *H. S. Mouser,* State's Attorney, for the state.

HANEY, J.   The indictment charges that defendants were engaged in the business of selling spirituous, malt, and brewed liquors as a beverage, at retail, without having obtained a license therefor, on March 1, 1898. A witness for the government was permitted to answer the following questions: "State whether or not you ever purchased any intoxicating liquors there prior to the 4th of last March, when this indictment was returned." "Have you, except these two instances that you have detailed, purchased any intoxicating liquor there at any other time prior to the 4th of last March?" The statute upon which the prosecution is predicated, went into effect March 3, 1897 (Laws 1897, chap. 72, § 29). The evidence should have been restricted to sales made between the time when the statute took effect and when the indictment was presented. There is nothing in the foregoing questions, taken in connection with the entire testimony, to avoid the contention that all the sales alluded to by him may have been made prior to the taking effect of the statute.

Without the evidence of this witness the jury might not have agreed upon a verdict of guilty.    We think its introduction was reversible error.

It is contended that the court erred in charging the jury that defendants could be convicted under section 5, chap. 72, Laws 1897, as having engaged in the business of selling intoxicating liquors without a license, when it should have charged that there could be a conviction only under section 27 of that chapter.    Section 5 is as follows: "If any person or persons shall engage or be engaged in any business requiring the payment of license under section one (1) of this act, without having paid in full the license required by this act, and without having the receipt and notice for such license posted up as required by this act, or without having made, executed and delivered the bond required by this act, or shall in any manner violate any of the provisions of this act, such person or persons shall be deemed guilty of a misdemeanor, and upon conviction thereof, if there is no specified penalty provided therefor by this act, shall be punished by a fine of not less than fifty dollars ($50) nor more than five hundred dollars ($500) and costs of prosecution, or by imprisonment in the county jail not less than ten days nor more than thirty days, or by both such fine and imprisonment in the discretion of the court; and in case such fine shall not have been paid at the time such imprisonment expired, the person serving out such sentence shall be further detained in jail until such fine and costs shall have been fully paid as provided by statute; and any person or persons engaged in any business requiring the payment of a license under section 1 of this act, who, after paying the license so required, shall be convicted of a violation of any of the provisions of this act, shall thereby, in addition to all other penalties prescribed by this act, forfeit the license so paid by him or them and be pre-

cluded from continuing such business for the remainder of the year or time for which said license was paid, and be debarred from again engaging in any business requiring the payment of a license under section 1 of this act, or from becoming a surety or sureties upon any bond required under section 6 of this act, from the time of such conviction. Each violation of any of the provisions of this act shall be construed to constitute a separate and complete offense, and for each violation on the same day or on different days, the person or persons offending shall be liable for the penalties and forfeitures herein provided, and be precluded and debarred from continuing or engaging in any business requiring the payment of a license under this act as aforesaid. And it shall be the duty of the sheriffs, marshalls, constables and police officers to forthwith close all saloons and other places where the business of manufacturing, selling or keeping for sale any of the liquors mentioned in section 1 of this act is being conducted upon which business the license required by section 1 has not been paid in full and in which the receipt mentioned in section 4 of this act shall not be posted up and displayed." Section 27 reads as follows: "It shall be lawful for any registered pharmacist owning and conducting a pharmacy, whose certificate of registration is in force, to sell spirituous, vinous or malt liquors for medicinal, scientific, mechanical, or sacramental purposes, and it shall be unlawful for any registered pharmacist to sell any intoxicating liquors whatever to be used as a beverage, and any registered pharmacist who shall sell any intoxicating liquors for any of the purposes mentioned in this section shall have a stock of drugs of the value of not less than six hundred dollars ($600) exclusive of the fixtures and intoxicating liquors. Any registered pharmacist who shall sell, or in any manner dispose of said intoxicating liquors for any other purposes than authorized in this section shall be, upon conviction

thereof, fined not less than one hundred dollars ($100) nor more than three hundred dollars ($300) for the first offense, and for the second conviction shall forfeit his registration as a registered pharmacist, and shall be liable to all the penalties, prosecutions and proceedings at law and in equity, provided against persons selling without authority, and upon said conviction the clerk of the circuit court shall within ten days after such judgment or order, transmit to the secretary of the board of pharmacy the certified record thereof, upon receipt of which the said board of pharmacy shall at their first regular meeting thereafter, strike the name of said druggist from the list of registered pharmacists, and revoke his certificate of registration." It is disclosed by the evidence that defendants were registered pharmacists, owning and conducting a pharmacy within the meaning of section 27. It was neither alleged or proved that they were guilty of the second offense. This court held in State v. Williams, 11 S. D. 64, 75 N. W. 815, that the gist of the offense provided for in section 5 is engaging in the business of selling intoxicating liquors without a license. The offense provided for in section 27 is the selling by a registered pharmacist of any intoxicating liquor to be used as a beverage. These offenses are separate and distinct. The penalties are different. We do not think any one can be convicted of the crime defined in section 27 unless it is alleged and proved that the sale was by a registered pharmacist conducting a pharmacy as defined therein, and that the liquor was sold or disposed of to be used as a beverage; and are forced to the conclusion that the court erred in charging the jury that the defendants could be found guilty of the crime defined in section 5 and charged in the indictment.

The state's attorney, in his remarks to the jury, used the following language, to which proper exceptions were preserved:

"These gentlemen, under prohibition, always run a blind pig, and are now selling." There was not, nor could there have been, any relevant evidence received tending to prove that the defendants, "under prohibition, always run a blind pig, and are now selling." While it is unnecessary to decide whether we would have reversed the judgment herein upon this ground alone, the statement of the state's attorney deserves to be condemned as unfounded and improper. That officer's argument should always be confined to such inferences as fairly and reasonably arise from relevant evidence received upon the trial. Verdicts cannot be predicated upon his personal knowledge or opinions derived from facts not established by competent evidence. Prosecuting attorneys too frequently forget these elementary principles. The judgment is reversed, and a new trial granted.

CORSON, J., concurs in the result.