STATE V. SANFORD.

A party who sells liquor to another in the belief that the latter is an adult, which belief is formed after an investigation and inquiries, will not be subject to a prosecution therefor, though the buyer is in fact a minor.

(Opinion filed October, 2, 1901.)

Error to circuit court, Davison county. HON. FRANK B.SMITH, Judge.

William D. Sanford was convicted of selling liquor to a minor, and he brings error. Reversed.

*T. J. Spangler,* for plaintiff in error.

*John L. Pyle,* Attorney General, for the State.

FULLER, P. J. The information under which plaintiff in error was tried and convicted charges that "on the 7th day of March, in the year of our Lord 1900, at the city of Mitchell, in the county of Davison and State of South Dakota, then and there did unlawfully sell, furnish and give away spirituous, malt, brewed, fermented, and vinous liquors to one William Hannett, being then and there a male person under the age of 21 years." At the proper time counsel for the accused offered to prove by competent witnesses that, "if any

liquor was sold, furnished, or given away, it was in good faith, relying upon the alleged minor's statement that he was of full age at the time; that the alleged minor was considered by his associates and friends as an adult and upon investigation and inquiries the plaintiff in error believed that the alleged minor was of full age ; that, if said minor was not of full age at the time stated in the information, he was believed by him to be of full age; and that the plaintiff in error had no intention whatever to violate the law, and especially no intention to sell, furnish or give away any intoxicating liquors to the alleged minor, as stated in the information." After sustaining an objection to the introduction of such testimony, the trial court instructed the jury as follows: "I charge you, gentlemen, that the good faith or the bad faith of the defendant has nothing to do with this case. The question of whether he had any intention of violating the law is not for you to determine. The question of whether he had any knowledge or belief that this person was over the age of 21 has nothing to do with the case. If the young man was in fact under the age of 21 at that time, the defendant is bound to know it, or at least he must take his own risks and chances." Precisely the same questions here presented were decided in State v. Bradley (at the present term) 15 S. D. —, 87 N. W. 590, and ruled by that case, the judgment of the court below is reversed, and a new trial granted.