## STAFFORD V. LEVINGER *et al.*

1. Under Sess. Laws, 1897, c, 72, § 16, providing that a married woman may maintain a suit on a retail liquor dealer's bond for "all damages sustained by her or her children by reason of the sale of liquor," a widow may recover on a liquor dealer's bond for loss of support occasioned by the death of her .husband, caused by the sale of liquors to him; objection that an action for death is unauthorized being untenable.

(Opinion filed July 2, 1902)

Appeal from circuit court, Bon Homme county. Hon. E. G. SMITH, Judge.

Action by Mary A. Stafford against Henry Levinger and others to recover damages alleged to have been sustained by her in her means of support, by the death of her husband as a result of intoxication produced by liquor sold to him by the defendant. Judgment for plaintiff. From an order granting a new trial, plaintiff appeals. Reversed.

*F. D. Wicks* and *Elliott & Stilwill,* for appellant.

*Robert Dollard* and *Kittredge, Winans & Scott* for respondents.

CORSON, J.    This is an action by the plaintiff, as widow of George Stafford deceased, upon a bond given by one Henry Levinger as principal, and the other defendants as sureties, to recover damages sustained by her and her minor daughter in their means of support by the death of the husband and father, as a result of intoxication · produced by liquor sold to him by the defendant Levinger.    The case was tried to a jury, resulting in a verdict in favor of the plaintiff.    Upon motion of the defendants, a new trial was granted, and the order granting the same is in part as follows:    "This motion is granted upon

the sole ground that the plaintiff has no right of action, and all other grounds, except that plaintiff cannot recover damages for death in this action, are expressly overruled." It will thus be seen that the only question presented is a legal one, namely, as to whether or not the plaintiff can maintain the action under the statute of this state. The facts are fully set out in the complaint, and may be briefly stated as follows: In December, 1898, the defendant Levinger was engaged in the business of selling intoxicating liquors in the city of Scotland, Bon Homme county, under a license duly issued to him. That said Levinger as principal, and Cach and Plattner as sureties, executed a bond in the form prescribed by statute, and that said bond was duly accepted by the board of county commissioners of Bon Homme county. That in December, 1898, the plaintiff was, and for 25 years prior thereto had been, the wife of the said George Stafford. That May Stafford was the minor daughter of said plaintiff and George Stafford, deceased. That on the 3rd day of December, 1898, said George Stafford spent the afternoon and evening of said day in the saloon of said Levinger, and said Levinger, by himself or his servants, sold and furnished to him spirituous liquors, causing his intoxication. That the said George Stafford was then and there a person in the habit of becoming intoxicated, which was well known to the defendant Levinger and to his servants in charge of said place of business. That on the evening of said day George Stafford, deceased, while intoxicated from the effects of the liquor sold to him by the defendant Levinger and his servants, was unable to care for himself and protect himself from danger, and that, starting toward home in a wagon, he was unable to manage his team, by reason of such intoxication, and the wagon

was overturned upon him, causing his death. That the plaintiff and said minor daughter were dependent upon the deceased for their support, and that the proceeds of his earnings, when alive, amounted to about $600 per year, which was applied to the support of herself and her said child. That the plaintiff and her said minor daughter constitute one family, and were left by the deceased in indigent circumstances, and entirely without means of support, and that the plaintiff and her said daughter sustained damages in the sum of $2,000, for which she demanded judgment.

It is insisted on the part of the respondents, in support of the order of the court granting the new trial, that the action is in effect an action to recover damages for the death of the husband, and that such an action is not authorized by the statute of this state or by the common law. The appellant contends that the action is one for damages for the loss of support for herself and minor child, caused by the death of her husband. We are of the opinion that the appellant is right in her contention. Section 16, c. 72, of the session laws of 1897, provides, among other things, as follows: ''The damages in all cases arising under this act together with the costs of suits, shall be recovered in an action before any court of competent jurisdiction, and in any case where parents shall be entitled to such damages, either the father or mother may sue alone therefor, but the commencement of suit and recovery by one of said parties shall be a bar to a suit brought by the other. And it shall be lawful for any married woman or any other person at her request to institute and maintain in her own name a suit on any such bond mentioned in this act for all damages sustained by her or by her children on account of such traffic, and the money

when collected shall be paid over for the use of herself and children." By section 6 of the same act it is provided that every person engaging in the sale of any spirituous liquors shall, before commencing such business, execute to the county in which he is carrying on such business a bond conditioned that he shall pay all damages, actual or exemplary, that may be adjudged to any person or persons for injuries inflicted on him or them, either in person or in property, means of support, or otherwise, by reason of his selling, furnishing, giving, or delivering such liquors. By section 11 it is provided that it shall not be lawful for any person to sell spirituous liquors to any intoxicated person, or to any person in the habit of getting intoxicated. It will be observed that by section 16 it is made lawful for any married woman to institute in her own name a suit on the bond for all damages sustained by her or her children on account of the traffic in intoxicating liquors, and the money when collected, shall be paid over for the use of herself and children. The language, it will be noticed, is very broad, being all damages sustained by her or her children "on account of such traffic." The jury must have found that the death of the deceased was caused by intoxication, and that the liquor causing such intoxication was furnished by the defendant Levinger at his saloon. The action, in our opinion, is not for damages for the death of the deceased, but is strictly for the loss of support by the wife and daughter by reason of the death of the husband. It is quite clear from the act of the legislature that it was the intention of the lawmaking power to protect the wives and children of persons who might become intoxicated, by requiring the saloon keeper to make good any loss to her or them, to the extent of $2,000, occasioned by the intoxication of the husband.

As will be observed from the language of section 11, it is declared to be unlawful for the saloon keeper to sell or furnish intoxicating liquors to one accustomed to getting intoxicated, or to one who is intoxicated. It is further declared by that section that selling or furnishing intoxicating liquors to such a person shall be prima facie evidence of intent on the part of the person so selling to violate the law. When, therefore, the saloon keeper sells or furnishes intoxicating liquors to a person accustomed to becoming intoxicated or who is intoxicated, he is violating the law, and is not protected by his license: and the lawmaking power evidently intended to require the person so violating the law to make good the loss sustained by the parties dependent upon the intoxicated person for their support. And whether that loss is occasioned by the disability or death of the husband or father is not material. This seems to have been the view of the court of appeals of New York in Mead v. Stratton. 87 N. Y. 493, 41 Am. Rep: 386, in which an act quite similar to the one we are considering was before that court for construction, in which they use the following language: "The injury to the means of support was one of the main grounds of the action, and when the party is deprived of the usual means of maintenance which he or she was accustomed to enjoy previously, by or in consequence of the intoxication or the acts of the person intoxicated, the action can be maintained. It is evident that the legislature intended to go in such a case far beyond anything known to common law, and to provide a remedy for injuries occasioned by one who is instrumental in producing or who caused such intoxication. While a statute of this character should not be enlarged, it should be interpreted, where the language is clear and explicit

according to its true intent and meaning, having in view the evil to be remedied and the object to be attained. The evident object was to suppress the sale and use of intoxicating liquors, and to punish those who, in any form, furnish means of intoxication, by making them liable for damages which might arise, which were caused by the parties who furnished such means. If the injury which resulted to the deceased in consequence of his intoxication had disabled him for life, or to such an extent as to incapacitate him for labor and for earning a support for his family, it would, no doubt, be embraced within the meaning and intent of the statute. That death ensued in consequence thereof, furnished much stronger ground for a claim for a loss of means of support; and a different rule in the latter case would make provision for the lesser and temporary injury, while that which was greatest and most serious would be without any remedy or means of redress. Such could not have been the intention of the lawmakers, and the statute was designed to embrace and most manifestly cover and include all injuries produced by the intoxication, and which legitimately result from the same." Neu v. McKechnie, 95 N. Y. 632, 47 Am. Rep. 89.

It is contended on the part of the respondent that it was not the intention of the legislature to suppress the sale and use of intoxicating liquors, for the reason that the act itself authorizes the sale, and provides for licensing the same. But while this may be so in a general sense, by section 11, as we have seen, every licensed saloon keeper is prohibited from selling to persons accustomed to becoming intoxicated or who are intoxicated; thus showing clearly that it was the intention of the lawmaking power to suppress the sale of intoxicating liquors to a class of persons liable to be injured by its sale.

The supreme court of Illinois, in the case of Emory v. Addis, 71 Ill. 273, in speaking of a statute quite similar to our own, uses the following language: "The statute is broad and sweeping in its provisions, but the wrong it is intended to prohibit can only be prevented by the rigid enforcement of highly penal laws. He who deliberately sells that which he knows will inflame the passions, deprive the party of the control of his judgment, and render him for the time being incapable of exercising proper care for personal safety, or that of his property, must be prepared for the consequences that may follow. One risk incident to the traffic is, by the statute, he is made responsible for all the injuries such persons may inflict." And in that case the court held that the widow was entitled to recover for the loss of her means of support by reason of the death of her husband, which was caused by intoxicating liquors sold to him by the defendant. See, also, Schroder v. Crawford, 94 Ill. 357, 34 Am. Rep. 236; Flynn v. Fogarty, 106 Ill. 263. The supreme court of Nebraska, in Roose v. Perkins, 9 Neb, 304, 2 N. W. 715, 31 Am. Rep. 409, held, under a similar statute, that a married woman and her minor children, constituting one family, might recover of the saloon keeper damages sustained by reason of the death of her husband, caused by intoxicating liquors sold to him by said saloon keeper, and many actions of that nature have been sustained in that state, Fitzgerald v. Donoher, 48 Neb. 852, 67 N. W. 860. The supreme court of Iowa has given their act a similar construction. Rafferty v. Buckman, 46 Iowa, 195; Ward v. Thompson, 48 Iowa, 588; Richmond v. Shickler, 57 Iowa, 486, 10 N. W. 882.

Counsel for respondent rely very largely upon the decis-

ions of Schneider v. Hosier, 21 Ohio St. 98; Pegram v. Stortz (W. Va.) 6 S. E. 485; and Barrett v. Dolan, 130 Mass. 366, 39 Am. Rep. 456. The reasoning of these learned courts in the cases cited do not meet with our approval, and are not, in our opinion, sustained by the weight of authority. In discussing this question, and reviewing the cases last cited, Mr. Black, in his work on Intoxicating Liquors, uses the following language: "It has been held that, in an action under the civil damage laws, no damages can be awarded to the plaintiff for injury to her means of support by reason of the death of her husband, caused by his intoxication, the consequence of the defendant's furnishing him with liquor. But this doctrine, though supported by the decisions of several eminent courts, cannot be regarded as in accordance either with the weight of authority or the best legal reasoning. The statute gives an action for injury to the plaintiff's means of support. The husband's capacity to labor and to earn a living is the means to which the wife is legally entitled to look for her support. Death deprives him of this capacity. If, then, his death was a consequence of his intoxication, it seems too plain for argument that the person who caused the intoxication has inflicted an injury upon the wife's means of support. And if this is true, it cannot be denied that she is entitled to recover damages—not, indeed, for the death, but for the consequent injury to her means of support. And the majority of the decisions are to the effect that, if these elements are present—the furnishing of liquor by the defendant, the intoxication of the husband, and the latter's death in consequence of such intoxication—the widow may maintain an action for injury to her means of support, and recover damages therefor." This court has virtually pass-

ed upon the question presented on this appeal in the case of Nordin v. Kjos, 13 S. D. 497, 83 N. W. 573, although the precise point here presented was not directly involved in that case. It was assumed, however, that the widow could maintain an action for the loss of support caused by the death of her husband.

These views lead to the conclusion that the learned circuit court was in error in granting a new trial, and the order granting the same is reversed.