GARRIGAN V. KENNEDY et al.

1. The provisions of Laws 1897, pp. 210, 211, c. 72, §§ 11, 16, declaring it unlawful for dealers in intoxicating liquors to sell to persons intoxicated, or in the habit of getting intoxicated, and giving a right of action to a married woman for damages from the sale of intoxicating liquors, are restrictions and regulations of the sale, and therefore within the title "An act to provide for the licensing, restriction and regulation of the business of the * * * sale of * * * intoxicating liquors," and so not violative of Const. art. 3, § 21, providing that no law shall embrace more than one subject, which shall be expressed in its title.

2. Evidence in an action for loss of support for plaintiff from liquor sold her husband by defendant held sufficient to sustain a finding of actual damages.

3. Evidence in an action for loss of support for plaintiff from liquor sold her husband by defendant held sufficient to sustain a finding that the liquor was the cause of the husband's suicide.

4. Evidence, in an action for loss of support from intoxicating liquor sold by defendant to plaintiff's husband, that she had a child dependent on her for support, is competent.

5. Evidence, in an action for loss of a husband's support from intoxicating

liquors sold him, that he had a shop of his own, was a competent bar-
ber, and when sober furnished proper support for his wife and child, is
competent.

6. Where sale of intoxicating liquors to plaintiff's husband resulted in and
was the proximate cause of his death, plaintiff may recover damages
sustained by loss of support caused by his death.

7. It is immaterial that plaintiff's husband was sober when he committed
suicide, if the suicide was the result of his previous intoxication from
liquor sold him by defendant.

8. In the absence of request for such an instruction, defendant in an action
for loss of support from intoxicating liquor sold by him to plaintiff's
husband cannot complain of failure to instruct that plaintiff could not
recover damages by reason of her husband's death unless the jury were
satisfied his death was caused by intoxicating liquors furnished him by
defendant.

9. Defendant's requested instruction, in an action for loss of support from
intoxicating liquors sold plaintiff's husband, that if the jury find the
husband took his own life at a certain time plaintiff may not recover for
loss of support thereafter, does not suggest or call for an instruction
that she cannot recover damages by reason of his death unless the death
was caused by the intoxicating liquors.

(Opinion filed December 21, 1904.)

Appeal from circuit court, Minnehaha county; Hon. Jos-
EPH W. JONES, Judge.

Action by Mary Garrigan against Samuel Kennedy and
others. Judgment for plaintiff. Defendants appeal. Affirm-
ed.

*Robertson & Dougherty* and *Kittredge, Winans & Scott,* for ap-
pellants.

Chapter 72 of the Session Laws of 1897, entitled: "An act
to provide for the licensing, restriction and regulation of the
business of the manufacture and sale of spirituous and intox-
icating liquors," is unconstitutional and void because in con-

flict with and its passage was prohibited by Sec. 21 of Article III of our state constitution. This provision of our constitution is mandatory in that it prohibits the legislature from passing an act embracing more than one subject, and enjoins upon it the requirement of expressing the subject of the act in its title. So, also, if the act is broader than its title it is unconstitutional and void except that in cases where that which is left is complete in itself, sensib'e, capable of being executed, and wholly independent of that which is rejected.    People v. Gadway, '28 N. W. Rep. 101; Thomas v. Collins, 24 N. W. Rep. 553; People v. Beadle, 26 N. W. Rep. 800; Bissell v. Durfee, 24 N. W. Rep. 886; State v. Young, 47 Ind. 150; In re Hauck, 38 N. W. Rep. 269; Callaghan v. Judge of Sup Ct., 26 N. W. Rep. 806; People v. Schenectady, etc., 42 N. Y. 404; People v. Commissioners, etc., 53 Barb. 70; People v. O'Brien, 38 N. Y. 193; Matter of Paul, 94 N. Y. 497; Northwestern Mfg. Co. v. Chambers, 25 N. W. 72; Church v. Detroit, 31 N. W. Rep. 447; Town of Cantril v. Sainer, 12 N. W. 753; Durkee v. Janesville, 26 Wis. 697; State v. Kinsella, 14 Minn. 524; Messenger v. State, 41 N. W. 638; Donnersberger v. Prendergast, 21 N. E. 1; State v. Newton, 45 N. J. L. 469.

*Joe Kirby,* for respondent.

The construction of Sec. 21, Art. III, of the constitution, relative to what shall be embraced in the title of an act, has been before this court.    State v. Morgan, 2 S. D. 32; Stuart v. Kirley, 12 S. D. 245; State v. Becker, 3 S. D. 29.

The bond in suit under the law expressly provides for the payment of actual and exemplary damages.    Wanack v. Alexander, 58 N. W. 242; Mury v. People, 90 Ill. App. 47; Augland v. Cox, 89 Ill. App. 557.

CORSON, P. J. This is an action by the plaintiff, as widow of Michael Garrigan, deceased, to recover of the defendants damages for the loss of support for herself and child, caused by the intoxication of her husband by intoxicants sold him or given to him by the defendant Kennedy. Verdict and judgment were in favor of the plaintiff, and the defendants have appealed.

It is alleged in the complaint, in substance, that the plaintiff was the widow of Michael Garrigan, deceased, and that she had dependent on her for support a minor son; that the defendant Kennedy was a licensed saloon keeper in the town of Dell Rapids, and that defendants Smith and Gillman were sureties upon his bond as such saloon keeper; that for a long time prior and at all times subsequent to the 1st day of July, 1900, and up to the time of the death of the said Michael Garrigan, he was a person in the habit of getting intoxicated, and was for the greater part of the last year of his life in a state of habitual intoxication by and from the use of intoxicating liquors; that at divers and sundry times prior and subsequent to July 1, 1900, and up to the time of the death of said Garrigan, and while he, the said Garrigan, was in the habit of getting intoxicated and at divers and sundry times while he, the said Garrigan, was intoxicated, the defendant Kennedy did directly and indirectly, by himself as well as by his clerks, agents, and servants, sell, furnish, give, and deliver spirituous liquors to the said Garrigan; that said intoxicating liquors so sold by said defendant Kennedy to the said Garrigan were sold to him to be used as a beverage, and were by him used for such purpose in the saloon aforesaid, as well as elsewhere; that by reason of the use of such liquors aforesaid the said Garrigan was kept practically

in a state of continued intoxication up to the time of his death, and was rendered an inebriate, and incapable of attending to his business and supporting his wife and child; that the said Garrigan was a barber by trade, and possessed a shop of his own in Dell Rapids, and was, when sober, enabled to earn large sums of money and support said wife and child in a respectable and becoming manner; that by reason of said intoxication, induced by intoxicating liquors sold to him by the said Kennedy, he was for a long time prior and at all times subsequent to the 1st day of July, 1900, rendered incapable of continuing his business, and incapable of carrying the same on, and was rendered thereby incapable of supporting his said wife and child; that by reason of the use of said intoxicating liquors, as aforesaid the mind of said Garrigan gave way, and he became despondent and insane, and did, upon April 1, 1901, while in said condition, induced by the use of intoxicating liquors purchased from the said Kennedy, take his own life; that the plaintiff brings the action to recover of the said defendants damages which she has suffered by reason of the facts aforesaid for herself as well as for her said child, Walter Garrigan, now dependent on her for support; that by reason of the death of said Garrigan the plaintiff and her said minor child have been left without means of support other than that obtained by her own personal exertions, that by reason of the facts aforesaid the plaintiff has been damaged in the sum of $5,000. Wherefore the plaintiff demands a judgment against the said Kennedy for the sum of $5,000 and against the said Smith and Gillman, as sureties, in the sum of $2,000, together with costs and disbursements of the action. To the complaint is annexed, and made a part thereof, a copy of the bond executed by the said Kennedy and sureties in the usual form.

The defendants, in their answer, admit the allegation that the plaintiff is the widow of Michael Garrigan deceased; that she has a minor son; that the defendant Kennedy has been and is a duly licensed vendor of spirituous liquors, as alleged in the complaint, and that said defendants executed the bond as set forth in the complaint; that Michael Garrigan was a barber by trade during the time mentioned in the complaint, and that he committed suicide on or about the 1st day of April, 1901, and they deny each and every allegation in the plaintiff's complaint contained which is not therein expressly admitted. The case was tried to a jury, which returned a verdict in favor of the plaintiff for $2,000. The defendants seek a reversal of the judgment on the grounds: (1) That the act providing for the licensing, restriction, and regulation of the business of the manufacture and sale of spirituous and intoxicating liquors, constituting chapter 72, p. 203, of the Laws of 1897, and being now article 6 of chapter 27 of the Political Code, is in violation of section 21, art. 3, of our state constitution, which provides: "No law shall embrace more than one subject, which shall be expressed in its title," in that the law contains two subjects, and but one is expressed in its title; that it contains one subject which relates solely to the licensing, restriction, and regulation of the business of the manufacture and sale of spirituous and intoxicating liquors, and another relating to an entirely new and independent cause of action, wholly unknown to the common law, which contains all the necessary provisions regarding parties, evidence, and procedure. (2) That the evidence is insufficient to justify the verdict, and that the court erred in refusing to grant defendants' motion to direct a verdict in their favor, for the reasons therein stated. (3) That

the court erred in the admission of testimony. (4) That the court erred in refusing and giving instructions to the jury.

It is contended by the defendants that the provision of our state Constitution relating to the subject of titles to legislative acts is mandatory, and that it prohibits the Legislature from passing an act embracing more than one subject, and imposing upon it the duty of expressing the subject in the title. While we agree with the contention of counsel that the constitutional provision is mandatory, we are unable to agree with them in their conclusion that the act in controversy contains two subjects not expressed in the title. The act itself provides for the licensing, restriction, and regulation of the business of the manufacture and sale of spirituous and intoxicating liquors. The provisions referred to, as stating the second subject, clearly come within the provisions for restricting and regulating the business. One method of restricting and regulating the business would naturally be the imposing of penalties and liabilities upon parties engaged in the manufacture or sale of intoxicating liquors, and in providing a method by which such penalties and liabilities on the part of persons so engaged in the traffic are to be enforced. The contention of the appellants that the prohibition of the sale or gift of intoxicating liquors to certain classes of persons mentioned in sections 11 and 16 creates entirely new causes of action, and the establishment of this very arbitrary and unfair rule of proceedings has nothing to do with, and is not germane to, the act providing a method of licensing, restriction, and regulation, and that the title to the act does not in any manner indicate these portions of it, is untenable. This is altogether too narrow a construction of the constitutional provision, and under

19 S. D.—2

the contention of the counsel but few acts of the Legislature could be sustained.

It will be noticed that the title to the act we are considering is broad and comprehensive, and that it provides for· the licensing, restriction, and regulation of the business. Section 16 of the act, therefore, providing that a married woman may recover damages resulting from the sale of intoxicating liquors to her husband, is clearly in the nature of a restriction of the sale; and the same may be said of section 11, which provides that it shall be unlawful for parties engaged in the sale of intoxicating liquors to sell to an intoxicated person, to a person in the habit of getting intoxicated, or to minors. State v. Morgan, 2 S. D. 32, 48 N. W. 314; State v. Becker, 3 S. D. 29, 51 N. W. 1018; State v. Ayers, 8 S. D. 517, 67 N. W. 611; Stuart et al. v. Kirley et al., 12 S. D. 245, 81 N. W. 147. This court, in construing statutes claimed to be in conflict with this provision of the Constitution, has uniformly held that this provision must have a liberal construction, and, where the act or provisions of the act claimed to be in violation of the Constitution are not shown to be clearly in conflict with this provision of the Constitution, the act will be upheld. In State v. Morgan this court says: "Upon a critical examination of these cases, however, it will be seen that, while it is necessary to construe this provision so as to prevent the evils intended to be met, yet it is desirable to avoid the opposite extreme, so as not to embarrass the Legislature in the legitimate exercise of its powers, and compel a needless multiplication of bills, designed to meet the same object." The court quotes with approval the following from State v. Miller, 45 Mo. 497: "The courts, in all the states where a like or similar provision exists, have given a

liberal interpretation, and have endeavored to construe it so as not to limit or cripple legislative enactments any further than what was necessary by the absolute requirements of the law." This court adds: "The objection to an act upon the ground that it embraced more than one subject, and that it was not sufficiently expressed in its title, should be grave, and the conflict between the statute and Constitution plain and manifest, before courts will be justified in declaring it unconstitutional and void."

Our attention has been called to a number of cases decided in Michigan and other states construing a clause similar to that contained in our Constitution, but none of them contained a title as broad and comprehensive as the title to the act in question. Without taking time to review the various authorities cited by counsel, it must suffice to say that, in our opinion, the provisions of the act of 1897, called to our attention as being in conflict with the constitutional provision, are clearly within the rule requiring the subject to be expressed in the title. We are clearly of the opinion, therefore, that the provisions of the act in controversy do not violate this clause of the Constitution. It may be further stated that the provisions of the act of 1897 have been before this court in numerous cases, and their constitutionality has either not been questioned or has been uniformly sustained. State v. Zophy, 14 S. D. 119, 84 N. W. 391, 86 Am. St. Rep. 741; State v. Williams, 11 S. D. 64, 75 N. W. 815; State v. Donaldson, 12 S. D. 259, 81 N. W. 299; State v. Bradley, 15 S. D. 148, 87 N. W. 590; State ex rel. Grigsby v. Buechler, 10 S. D. 156, 72 N. W. 114; State v. Bradford, 12 S. D. 207, 80 N. W. 143; Nordin v. Kjos, 13 S. D. 497, 83 N. W. 573; State v. Bradford, on rehearing 13 S. D. 201,

83 N. W. 47; State v. Dunning, 14 S. D. 316, 85 N. W. 589; Town of Britton v. Guy, 17 S. D. 583, 97 N. W. 1045; Paulson v. Langness, 16 S. D. 471, 93 N. W. 655; State v. Sanford, 15 S. D. 153, 87 N. W. 592; Sandige v. Widmann, 12 S. D. 101, 80 N. W. 164; Stafford v. Levinger, 16 S. D. 118, 91 N. W. 462

It is further contended by the appellants that the evidence is insufficient to justify the verdict, in that no actual damage has been proven on the part of the plaintiff; that no facts have been given in evidence on which the jury could estimate the damage, if any sustained by the plaintiff; that the plaintiff has not proven any facts which would entitle her to recover; that the plaintiff has not proven such facts as would constitute a cause of action. Upon examination of the evidence, read in connection with the admissions in the answer, we are of the opinion that there were sufficient facts presented to the jury to fully sustain the verdict rendered by it. It was shown that Garrigan during the last few months of his life was in the habit of becoming intoxicated, and spent all, or nearly all, of his earnings in procuring intoxicating liquors, part of which, at least, were purchased in the saloon of the defendant Kennedy; that he continued drinking up to about the time he committed suicide on April 1, 1901; that at the time of his death he left no means of support for his widow and minor child, and that she has been dependent, since his death, upon her own exertions for support; and that Garrigan, when sober, was able to earn about $100 per month, and was thereby enabled to provide suitable support for his wife and child. The jury would naturally draw from this evidence the conclusion that the intoxicating liquors sold and furnished Garrigan by the defendant Kennedy caused him to neglect the support of his family in his lifetime,

and eventually to commit suicide, thus depriving his widow and son of that support to which they were entitled as wife and son.    The question as to the amount of damages sustained was one properly for the jury under the facts presented by the evidence (District of Columbia v. Woodbury, 136 U. S. 450, 10 Sup. Ct. 990, 34 L. Ed. 472; Mulford v. Clewell, 21 Ohio St. 197), and clearly, if the jury's inferences and conclusions were properly drawn from the facts proven and admitted by the defendants, the verdict cannot be said to have been unsupported by the evidence.    Where a party has given sufficient legal evidence to sustain the verdict, this court will not review the evidence or reverse such verdict.    Jeansch v. Lewis, 1 S. D. 609, 48 N. W. 128.

It is strenuously contended by the appellants that the evidence was insufficient to justify the jury in concluding that the liquor sold to Garrigan by the defendant Kennedy was the cause of his suicide, and that there was no evidence tending to prove that he had been furnished any intoxicating liquors by the defendant Kennedy for some time prior to his suicide, and therefore the intoxicating liquor sold by the defendant Kennedy was not the proximate cause of his suicide.    It is quite apparent from the testimony introduced that Garrigan was practically intoxicated the larger portion of his time between December, 1900, and the time of his death, and that during that time the defendant Kennedy furnished him with more or less of intoxicating liquors producing his intoxication.    The natural result of such continued intoxication would be to weaken and destroy the mind of Garrigan, and lead him to commit suicide.    The jury were authorized, therefore, to draw the inference from the facts proved and admitted that the sale of in-

toxicating liquors by Kennedy to Garrigan was the proximate cause of his death.   The question of what constitutes proximate cause was so fully considered by the late territorial Supreme Court, speaking by Mr. JUSTICE TRIPP, in the case of Pielke v. Chicago, M. & St. P. Ry. Co., 5 Dak. 444, 41 N. W. 669, that we do not deem a further discussion in this opinion necessary. ˙ We are therefore of the opinion that the jury was justified in finding from all the evidence in the case that Garrigan's death was proximately caused by the intoxicating liquors furnished him by the defendant Kennedy and others.  The testimony of Mrs. Garrigan regarding the support of her son was, in our opinion, competent, and the court committed no error in overruling defendants' objections thereto; and the same may be said of the testimony as to the facts that Garrigan had a shop of his own, and was a competent barber, and, when sober, furnished proper means of support for his wife and child.

This brings us to the instructions to the jury and the instructions requested by counsel for defendants and refused by the court.   The requested instructions were as follows:   "You are instructed, as a matter of law, that if you find from the evidence that defendant Kennedy sold intoxicating liquor to Michael Garrigan after the 1st day of July, 1900, and you further find that such liquor contributed to his inability to support his wife and child, and that the said Michael Garrigan took his own life on the 1st day of April, 1901, then the plaintiff is not entitled to recover anything for loss of support after April 1, 1901."   "In this action the undisputed evidence shows that Michael Garrigan committed suicide by shooting himself with a revolver on Monday afternoon, the 1st day of April, 1901, while sober, and hence the plaintiff is not entitled to recover

anything for the loss of her support after that time." The
first instruction requested was clearly erroneous, in that the
court was requested to instruct the jury that "the plaintiff is
not entitled to recover anything for loss of support after
April 1, 1901." If the sale of intoxicating liquors to Garrigan
resulted in his suicide, and was the proximate cause of the
same, then the plaintiff was entitled to recover damages she
might sustain by reason of the loss of support caused by his
death. Stafford v. Levinger, supra, 16 S. D. 118, 91 N. W.
462. As was stated in Mead v. Stratton, 87 N. Y. 493, 41 Am.
Rep. 386: "The injury to the means of support was one of the
main grounds of the action, and when the party is deprived of
the usual means of maintenance which he or she was accustom-
ed to enjoy previously, by or in consequence of the intoxica-
tion or the acts of the person intoxicated, the action can be
maintained. * * * If the injury which had resulted to the
deceased in consequence of his intoxication had disabled him
for life, or to such an extent as to incapacitate him for labor
and for earning a support for his family, it would, no doubt,
be embraced within the meaning and intent of the statute.
That death ensued in consequence thereof furnishes much
stronger ground for a claim for a loss of support; and a differ-
ent rule in the latter case would make provision for the lesser
and temporary injury, while that which was greatest and most
serious would be without any remedy or means of redress.
Such could not have been the intention of the lawmakers, and
the statute was designed to embrace and most manifestly cov-
er and include all injuries produced by the intoxication, and
which legitimately result from the same." The second re-
quested instruction is also clearly objectionable. Whether

Garrigan was sober or intoxicated at the time he committed suicide was not material, providing his suicide was the result of his previous intoxication. If such was the result, then such intoxication was the proximate cause of his death, and this was a question for the jury to determine upon all the evidence in the case.

The defendants excepted specially to portions of paragraphs 7 and 9 of the judge's charge to the jury of its own motion. The portions of the paragraphs excepted to are as follows: "So it is only in regard to the damages arising from the want of support that the jury are entitled to return damages. In that regard you have a right to return damages if you believe that Mr. Garrigan was a person in the habit of becoming intoxicated, and that this defendant Samuel Kennedy, by himself, agent, or servants, sold or gave him intoxicating liquor, after the 1st of July, 1900, that contributed to his habitual intoxication, and you further believe that such habitual intoxication injured the plaintiff and her son in their means of support." "If you find for the plaintiff she will be entitled to recover such reasonable sum of money, not to exceed $2,000, as, in your judgment, will compensate her for the actual damage, if any, to her means of support, caused by sales of intoxicating liquor by defendant, his agents or servants, to the plaintiff's husband." It is contended by the appellants that by that portion of instruction No. 7 the court left to the jury, without any limitation whatever as to time, the question of the assessment of damages, and that by that portion of the charge contained in paragraph No. 9 to which exception was taken the jury was authorized to return damages in any sum not exceeding $2,000, and that nothing whatever was said to the jury

in regard to the suicide of Garrigan in any part of the charge, and that the jury were not in any manner instructed that the plaintiff was not entitled for loss of support from April 1, 1901. It is true the court did not, in express terms, instruct the jury that they could not find for the plaintiff damages for any loss of support after the 1st of April, 1901, and it could not have properly so instructed the jury. The court did not instruct the jury that they could not find against the defendants for any damages resulting after the death of Garrigan unless they were satisfied that his death was caused by intoxicating liquors furnished to him by the defendant Kennedy. The objection that the court failed to charge the jury that the plaintiff could not recover for any damages sustained by her by reason of the death of Garrigan, unless they were satisfied that his death was caused by intoxicating liquors furnished to him by the defendant Kennedy, is not available to the defendants, for the reason that they failed to request any such instruction. The omission of the court to instruct upon any given question or issue will not be regarded as reversible error unless it has been requested to give the instructions it is claimed it has omitted. Dell Rapids Merc. Co. v. City of Dell Rapids, 11 S. D. 116, 75 N. W. 898, 74 Am. St. Rep. 783; Winn v. Sanborn, 10 S. D. 642, 75 N. W. 201; Frye v. Ferguson, 6 S. D. 392, 61 N. W. 161. It is true that counsel asked for an instruction: "If you find * * * that said Michael Garrigan took his own life on the 1st day of April, 1901, then the plaintiff is not entitld to recover anything for loss of support after April 1, 1901;" but this does not suggest to the court or call for instructions such as is claimed the court should have given by the appellants. It is true the court left to the jury, without any limitation

whatever as to time, the question of assessing damages. In this the court was clearly correct. He had previously instructed the jury that the legal duty devolved upon the husband to support his wife and family, and that the licensed saloon keeper who contributed to the impairment of the husband's power and ability to support his family is liable for the damages the wife might sustain. It was therefore competent for the jury, under the instructions of the court, to determine the damages the wife had sustained in her means of support for herself and minor child, and to consider the question whether or not the intoxicating liquors furnished Garrigan by the defendant Kennedy was the proximate cause of his death, and consequently deprived the plaintiff of her support due from her deceased husband to herself and son; and, as before stated, the defenddants requested no such instructions upon this subject, and are not in a position, therefore, to complain of the failure of the court to instruct the jury upon these questions. . The instructions of the court were eminently fair, and presented to the jury the law of the case in such manner as to enable the jury to intelligently pass upon the questions presented for consideration.

Finding no error in the record, the judgment of the circuit court and order denying a new trial are affirmed.