STATE, Respondent, v. HORNER, Appellant.

(153 N. W. 766.)

(File No. 3751.   Opinion filed July 16, 1915.)

1.  **Indictment and Information—Demurrer to—Essential Allegations —Surplusage—Admission of Counsel, Bearing of.**

As against a demurrer, it is only essential that a criminal in-
formation state facts constituting a crime under any existing
statute.   An admission by counsel upon demurrer presents no
question of sufficiency of evidence to prove a crime, when the
information itself charges a crime.

2.  **Intoxicating Liquors—Information—Selling "Contrary to Statute" —Statute—Surplusage.**

An information, though not purporting to have been drawn
under any particular statute, but charging the selling of in-
toxicating liquors to a person in the habit of getting intox-
icated, "contrary to the form of the statute in such case made
and provided," is sufficient; Pen. Code, Sec. 748, making the
selling of intoxicating liquors to such persons a criminal act;
and while allegations in the information of an offering, giving
away and furnishing of intoxicating liquor do not constitute a
crime under that statute, such allegations are mere surplusage,
and do not affect the charge of selling.

3.  **Statutes—Title—Re-enactment in Code, Immateriality of Title— Prosecution of Unlicensed Liquor Dealer.**

Laws 1897, Ch. 72, regulating sales of intoxicating liquors,
was re-enacted as Art. 6, Ch. 27, Pol. Code of 1903; therefore,
held, that it is immaterial whether the title to said chapter was
broad enough to include within its provisions other than lic-
ensed dealers.

4.  **Intoxicating Liquors—Prosecution of Unlicensed "Persons"— Meaning of Statute—Legislative Power.**

Pol. Code, Sec. 2844, as amended by Laws 1909, Ch. 247,
making it unlawful for any person to sell, furnish or give away
any intoxicating liquors to any person in the habit of getting
intoxicated, and providing that any person found guilty there-
under shall be deemed guilty of a misdemeanor, held, to in-
clude "any person," whether licensed or unlicensed, who shall
violate its provisions; that it was competent for the Legislature
to so declare; and such was the legislative intent in enacting
said law.

Appeal from Circuit Court, Douglass County.   Hon. ROBERT
B. TRIPP, Judge.

Louis Horner, the defendant, was convicted of a violation of
the liquor laws; a judgment of conviction having been entered
upon overruling a demurrer to the information; and from the

judgment, and from the order overruling the demurrer, defendant appeals.   Affirmed.

*Walker & Gurley,* for Appellant.

*John W. Addie,* State's Attorney, and *C. C. Caldwell,* Attorney General, for Respondent, the State.

(1) Under point one of the opinion, Respondent cited:   Code Cr. Proc., Secs. 221, 229; Laws 1913, Ch. 242; State v. Morse, (S. D.) 150 N. W. 293; Johnson v. Peo., 83 Ill. 431; Fitzenrider v. State, 30     Ind. 238; Johnson v. State, 74 Ind. 197; State v. Cowgill, 75 Ind. 599; State v. Hamilton, 75 Ind. 238; State v. Decker, (Ind.) 89 N. E. 316; State v. McGinnis, (Minn.) 14 N. W. 256, 258.

Respondent submitted that:   Pol. Code, Sec. 2844, embraces other than licensed liquor dealers; and cited:   Laws 1903, Ch. 165; Laws 1909, Ch. 247; Com. v. Johnson, 162 Mass. 596, 39 N. E. 349; Sutton v. State, 122 Ga. 158, 50 S. E. 60; Vermont v. U. S., 174 Fed. 792, 98 C. C. A. 500; Mills v. State, 53 Neb. 263, 73 N. W. 761; Silvers v. Traverse, 82 Iowa, 52, 47 N. W. 888, 11 L. R. A. 804; State v. Kolhnke, 109 La. 838, 33 So. 793; State v. Gray, 61 Conn. 39, 22 Atl. 675; Peitz v. State, 68 Wis. 538, 32 N. W. 763; Johnson v. People, 83 Ill. 431; Fitzenrider v. State, 30 Ind. 238.

(3) Under point three of the opinion, Appellant cited:   Laws 1897, Ch. 72; State v. Bradford, (S. D.) 80 N. W. 143.

(4) Under point four of the opinion, Appellant submitted that:   Section 2844, Political Code, applies only to licensed liquor dealers.   That the law against selling liquor, now embodied in Ch. 256, Laws 1913, is the only law which applies to sales to persons in the habit of getting intoxicated by any one not a saloon keeper or licensed dealer, and section 2844, Political Code, under which the information is drawn, applies only to licensed dealers, and the information is fatally defective, in failing to allege that defendant was a licensed liquor dealer; and cited: Ch. 57, Pen. Code; Sec. 748, Pen. Code 1903; Sec. 726, Pen. Code 1877; Comp. Laws, Sec. 6917; Const., Art. 24; Laws 1897, Ch. 72; Pol. Code, Secs. 2844, 2845, 2849; Garrigan v. Kennedy, (S. D.) 101 N. W. 1081-1083; Nordon v. Kjos, 13 S. D. 497; Sandige v. Widmann, 12 S. D. 101; Garrigan v. Thompson, (S. D.) 95 N. W. 294; Paulson v. Langness, (S. D.) 93 N. W. 655; State v.

Brandford, (S. D.) 80 N. W. 143, on rehearing in 83 N. W. 47; People v. Averill, (Mich.) 146 N. W. 189; People v. Bird, (Mich.) 100 N. W. 1003, 110 A. S. R. 299.

SMITH, J. An information was filed by the state's attorney in the circuit court of Douglas county, charging that the defendant Louis Horner—

"did unlawfully sell, offer for sale, furnish, and give away to one M. C. Malloy intoxicating liquors, being spirituous, malt, brewed, and fermented liquor, namely, whisky; that the said M. C. Malloy was then and there a person in the habit of getting intoxicated, contrary to the form of the statute," etc.

To this information defendant demurred on the ground that the facts stated do not constitute a public offense. The demurrer was overruled, and defendant appeals.

The contention appellant seeks to present is that section 2844 of the Political Code, as amended by chapter 247, Laws of 1909, applies to licensed dealers only, and that the information is fatally defective in that it fails to allege that the defendant was a licensed liquor dealer. That section, as amended, reads:

"It shall not be lawful for any person to sell, furnish, or give away any spirituous, malt, brewed, fermented or vinous liquors * * * to any person in the habit of getting intoxicated, nor to any person when forbidden in writing to do so by the husband, wife, parent, child, guardian, or employer of such person, or the supervisor of the township, or the president or the trustee of the town, mayor of the city, the board of county commissioners of the county where such person shall reside or temporarily remain."

Appellant in his brief says:

"The state concedes that the information was drawn under the provisions of section 2844 of the Political Code, supra, and that unless the information charges a public offense, under that section, the demurrer should be sustained, and the state also concedes that section 748 of the Penal Code has no application to the information filed, and further concedes, for the purposes of this case, that the facts are not sufficient to show a 'sale' by the defendant, but only a 'furnishing and giving away, of intoxicating liquor to a person in the habit of getting intoxicated."

This statement is apparently acquiesced in by respondent, be-

cause respondent's only contention in its brief is that section 2844 of the Political Code is applicable to all persons, whether licensed liquor dealers or not.

Section 748, Penal Code, as re-enacted by chapter 256, Laws of 1913, reads as follows:

"Sec. 748. Every person found guilty of selling any intoxicating liquors, by agent or otherwise, to minors, or to persons intoxicated, or who are in the habit of getting intoxicated, is punishable by a fine not exceeding $150.00, and not less than $20.00 for each offense."

This section, in its essential features, was first enacted as section 726 of the Penal Code of 1864-65, Territorial Laws. It was re-enacted in substantially the same form as section 726 of the Penal Code of 1877. It again appears as section 6917 of the Complied Laws of 1887, and again as section 748 of the Penal Code (Revised Codes of 1903). It was again re-enacted as chapter 256, Laws of 1913. It is thus apparent that, through all constitutional and statutory changes touching the sale of intoxicating liquors, this section has remained, and is now, in force.

[1] As against a demurrer, it is only essential that a criminal information state facts which constitute a crime, under any existing statute. No admission by counsel upon demurrer can present any question of the sufficiency of evidence to prove a crime, when the information itself sufficiently charges a crime.

[2] The information does not, on its face, purport to have been drawn under any particular section of the Code, but charges that the acts were committed "contrary to the form of the statute in such case made and provided." Section 748 of the Penal Code, as re-enacted in 1913, makes the selling of intoxicating liquors to persons who are in the habit of getting intoxicated a criminal act. The information charges such a selling, and is clearly sufficient. Under this statute, the offering for sale, furnishing, or giving away of intoxicating liquor would not constitute a crime, but these allegations in the information are mere surplusage, and in no manner affect the charge of selling. But, while the rule stated would be sufficient to dispose of this appeal, the situation presented is so unusual that justice seems to require the consideration of a question urged by counsel, in a manner somewhat out of the ordinary.

The defendant stands convicted and appeals from the judgment and the order overruling his demurrer. His election to stand on the order overruling the demurrer appears to have been induced by stipulation between the parties that a conviction would not be asked, under section 748, Penal Code, because the state was unable to prove a sale, as charged in the indictment and that the state would proceed under section 2844 of the Political Code, and would attempt to prove only a "furnishing" or "giving away" of intoxicating liquors. This stipulation apparently was intended in effect to entirely eliminate from the information the allegation of "selling" intoxicating liquors. The trial court seems to have been advised of this stipulation or understanding between counsel. But there is nothing in the record which affirmatively shows that the ruling of the trial court upon the demurrer was intended to make this agreement between counsel effective, by a holding that a person, not a licensed dealer, might be convicted for furnishing or giving away intoxicating liquors to a person in the habit of getting intoxicated. However, it does perhaps appear that the judgment or conviction, under the ruling upon the demurrer, was the result of the admission of the state's attorney that he was unable to prove a sale under section 748, Penal Code, which does not make giving or furnishing intoxicating liquors a crime, and that he would prosecute only under section 2844 of the Political Code; it being defendant's contention that he could not be convicted under that section, for the reason that that section was applicable only to licensed dealers, the accused not being charged as a licensed dealer. If appellant's contention is correct, any person not a dealer may with impunity furnish or give away spirituous, malt, brewed, fermented, or vinous liquors to any person or persons in the habit of getting intoxicated, or to a minor, or to an intoxicated person, and could be convicted only upon allegation and proof of a sale, under section 748, Penal Code, re-enacted in 1913.

[3] Appellant's contention is founded upon two propositions: First, that the title to chapter 72, Laws of 1897, is not broad enough to authorize including within its provisions persons other than licensed dealers; and, second, that it was not the legislative intent to include within the act persons other than those licensed to engage in the business. So far as the first contention is con-

cerned, it is sufficient to observe that chapter 72, Laws of 1897, was re-enacted as article 6, c. 27, Pol. Code of 1903.

[4] The question here attempted to be raised was put at rest in this state by the case of Wilson v. Western Surety Co., 31 S. D. 175, 140 N. W. 263; Schaller v. Grain Co., 32 S. D. 15, 141 N. W. 993. Section 2844 of the Revised Political Code of 1903 was amended by chapter 247, Laws of 1909. As amended that section provides:

"It shall not be lawful for any person to sell, furnish or give away any spirituous, malt, brewed, fermented or vinous liquors to any minor, or any intoxicated person, or to any person in the habit of getting intoxicated, nor to any person when forbidden in writing to do so, by the husband, wife, parent, child, guardian, or employer of such person, or by the supervisor of the township, or the president or trustee of a town, mayor of a city, the board of county commissioners of the county where such person shall reside or temporarily remain: * * * Provided, that any person found guilty of violating any of the provisions of this chapter shall be guilty of a misdemeanor."

The penal clause of this section, as amended, is broad enough to include "any person" who sells, furnishes, or gives away intoxicating liquors to any minor, intoxicated person, or person in the habit of getting intoxicated, etc., We cannot believe it was the legislative intent to exempt every person, except licensed dealers, from criminal liability for giving away or furnishing intoxicating liquors to the person or persons named in this statute. The language of the statute includes any person who shall violate its provisions.

Coming to the second contention. In State v. Grant, 20 S. D. 164, 105 N. W. 97, 11 Ann. Cas. 1017, it was held that a person engaged in selling intoxicating liquors under a void license might be convicted under section 2847, Pol. Code, requiring "all saloons * * * and all other places * * * where liquors are sold, to be closed on Sunday." The court says:

"The statute does not in express terms or by implication refer alone to legally licensed saloons. It requires 'all' places, except drug stores," where intoxicating liquors are sold or kept for sale, to be closed on Sundays. The allegation that the place in this

instance was a legally licensed saloon was clearly immaterial and may be treated as surplusage."

The case of Garrigan v. Kennedy, 19 S. D. 11, 101 N. W. 1081, 117 Am. St. Rep. 927, 8 Ann. Cas. 1125, was an action against a licensed dealer and his bondsmen for damages resulting from unlawful sales, under section 2839, Pol. Code. Plainly that section could have no application to persons other than licensed dealers. Nordin v. Kjos, 13 S. D. 497, 83 N. W. 573; Sandige v. Widmann, 12 S. D. 101, 80 N. W. 164; Garrigan v. Thompson, 17 S. D. 132, 95 N. W. 294. Appellant also cites State v. Bradford, 13 S. D. 201, 83 N. W. 47, construing section 2845, Pol. Code, as applicable only to licensed dealers. The language of that statute plainly confines its application to "vendors of malt, spirituous or vinous liquors under the provisions of this article," and the court correctly so held.

We are of opinion it was competent for the Legislature by section 2844 of the Political Code to declare that no person, whether licensed or unlicensed, should sell, give away, or furnish intoxicating liquors to the persons named in the statute, and to declare that such act should constitute a criminal offense. We are also of opinion that it was the intent of the Legislature to prohibit such selling, furnishing, or giving away of intoxicating liquors by any person, licensed or unlicensed.

The judgment and order of the trial court are affirmed.