SANDERSON, Respondent, v. LYSAGER et al, Appellants.

(168 N. W. 653)

(File No. 4307.    Opinion filed July 22, 1918).

1. **Intoxicating Liquors—Wife's Damage Suit for Self and Children —Abuse By Intoxicated Husband, Failure to Support— Damages to Children, No Allegation—Evidence, Competency— Statute.**

In a suit, under Pol. Code, Sec. 2849, authorizing a married woman to sue upon the bond mentioned therein, in her own name for recovery of damages sustained by her or children resulting from unlawful sales of liquor to her husband; the complaint failing to allege that because of alleged failure to support plaintiff's children, the children had suffered any damages, but alleging that thereby plaintiff had suffered damages, held, that evidence as to number and ages of the minor children was not incompetent and immaterial; since plaintiff was entitled to lay foundation for recovery of damages for nonsupport; and, she being legally liable for the support of the children; there was a direct damage to her if husband failed to support them.

2. **Intoxicating Liquors—Wife's Damage Suit—Drunken Husband's Misuse of Children—Evidence, Competency—Complaint, Necessary Allegation re Children.**

In a suit upon a liquor bond under Pol. Code, Sec. 2849, by a wife to recover damages to herself and children resulting from abuse by her drunken husband of their children, and for failure to support; the complaint failing to allege that by reason of the facts plead the minor children were damaged, held, that evidence showing such misuse of the children was incompetent and immaterial; since, the allegation being of damages only to the wife, mistreatment of children was immaterial; that the pleadings should show she is suing to recover damages suffered by all, so that it would stand as a bar to an action in behalf of the children only.

Appeal from Circuit Court, Marshall County.    Hon. Thomas L. Bouck, Judge.

Action by Clara Sanderson, against P. A. Lysager, and the Interstate Security Company, a corporation, to recover damages to plaintiff and children, upon a liquor bond. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Reversed.

*Sterling & Clark,* and *Byron Abbott,* for Appellants.

*C. R. Jorgenson,* for Respondent.

(1) To point one of the opinion, Appellants cited:

23 Cyc. 324; Welsh v. Jugenheimer, 8 N. W. 673; Rauhala v. Maki, 137 N. W. 703; Johnson v. Grondin, 136 N. W. 423.

WHITING, J. This action was brought by the wife of the party to whom it was alleged intoxicating liquors were sold, upon a bond given under the provisions of the intoxicating liquor laws of this state—the recovery being sought under section 2849 of the Political Code, the material parts of which read as follows:

"And it shall be lawful for any married woman or any other person at her request to institute and maintain in her own name a suit on any such bond mentioned in this article for all damages sustained by her or by her children on account of such traffic; and the money when collected shall be paid over for the use of herself and children."

Trial was had to the jury; verdict and judgment were for plaintiff. From the verdict, and order denying a new trial, this appeal was taken.

[1] There are numerous assignments of error, but we find it unnecessary to consider but two of them. As above noted, the statute authorizes the injured wife to maintain an action in her own name and recover therein damages sustained by her or by her children. In the complaint in this action plaintiff set forth the number and ages of her minor children, and alleged a failure of defendant to support them; also alleged that while intoxicated he abused such minor children. She did not allege that, because of the above facts, the minor children had suffered any damages; the sole allegation as to the damages being that, by reason of the facts alleged, she had suffered damages. Upon the trial plaintiff offered evidence as to the number and ages of minor children. This evidence was objected to as incompetent and immaterial, and the overruling of the objection is assigned as error. We think the

21—Vol. 41, S. D.

court committed no error, for the reason that plaintiff was entitled to lay the foundation for a recovery of damages for nonsupport. She being legally liable for the support of the children, it was a direct damage to her if her husband failed to support them. Garrigan v. Kennedy, 19 S. D. 11, 101 N. W. 1081, 117 Am. St. Rep. 927, 8 Ann. Cas. 1125.

[2] Evidence was offered to show that the father, while drunk, misused the children. This evidence was objected to as incompetent and immaterial in this case. This objection was overruled. This ruling we think erroneous. Under proper pleading alleging damage suffered by the children, the mother could have recovered damages suffered by the children; but, where she alleged damage to herself only, the mistreatment of the children was immaterial under the pleading. We do not wish to be understood as holding that the complaint must allege the amount suffered by each person on whose behalf the wife and mother sues. We are of the opinion that she could have alleged that the damage suffered by herself and the children aggregated a certain amount. But the pleading should show that she is suing to recover the damages suffered by all, so that it would stand as a bar to an action to recover damages for injuries suffered by the children.

We deem it unnecessary to consider any further assignment of error.

The judgment and order appealed from are reversed.