## STAFFORD v. LEVINGER et al.

Where an order of the lower court granting a new trial, after verdict for plaintiff, is reversed, and the cause is remanded for further proceedings, an order of the lower court making the judgment of the Supreme Court its judgment, vacating the order granting a new trial, directing that the verdict be re-entered, that the motion for new trial be denied, and that plaintiff have judgment, is proper.

(Opinion filed, January 17, 1906.)

Appeal from Circuit Court, Bon Homme County. Hon. E. G. Smith, Judge.

Action by Mary A. Stafford against Henry Levinger and others. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Affirmed.

Robert Dollard and Kittredge, Winans & Scott, for appellants. F. D. Wicks and Elliott & Stilwell, for respondent.

HANEY, J. This is an action on a retail liquor dealer's bond, executed by defendant Levinger as principal, and defendants Cach and Plattner as sureties, to recover damages resulting from the sale of intoxicating liquors which caused the death of the plaintiff's husband. A verdict having been returned in favor of the plaintiff, judgment was entered thereon December 26, 1899. On July 8, 1901, defendant's motion for a new trial was granted on the sole ground, as stated in the order of the circuit court, that the plaintiff "cannot recover damages for death in this action." Upon plaintiff's appeal this order was reversed July 2, 1902, and the cause remanded "for further proceedings according to law and the decision of this court." Stafford v. Levinger, 16 S. D. 118, 91 N. W. 462. The remittitur having reached the circuit court, on motion of the plaintiff, upon due notice, an order and judgment was entered January 29, 1903, wherein it was ordered, adjudged, and decreed that the judgment of the Supreme Court be made the judgment of the circuit court; that the order granting a new trial be reversed, vacated and set aside; that the verdict be re-entered of record; that defendant's motion for a new trial be denied; and that the plaintiff have and recover of the defendants the sum of $1,965.50 damages and costs. From this order and judgment the present appeal was taken by the defendants.

It only requires an accurate statement of what has occurred in this litigation, and the application of well-recognized rules of appellate procedure, to demonstrate the futility of this second appeal. There was a verdict for the plaintiff. Defendants asserted that it should not stand for numerous reasons assigned in their application for a new trial. The learned circuit court made an order granting a new trial, assigning only one of the reasons relied upon by the defendants. Upon an appeal by the plaintiff the order was reversed; this court deciding that the verdict should not have been set aside. Such decision could have but one of two effects: It either of its cwn force restored the verdict, or it was a direction to the circuit court to restore what its order had vacated or attempted to vacate. Assuming the latter view to be the technically correct one, the court below, by the order from which the present appeal was taken, merely did what it was directed to do, and it certainly can-

not be reversed for obeying the mandate of this court. In either view it was determined on the first appeal that the verdict should stand, and it cannot now be vacated, without reversing our former decision. And this conclusion is not unjust to the defendants. They were at liberty on the first appeal to urge in support of the order granting a new trial every reason relied upon in their application therefor. Notwithstanding the ground stated by the learned circuit court, if the record disclosed any reversible error, its order granting a new trial should and would have been sustained, had such error been called to the attention of this court. It is true it was stated in our former decision that the only question presented was: "Whether or not plaintiff can maintain the action under the statutes of this state." But that was due to the position taken by the defendants. Their printed brief began with this declaration: "The sole question presented by this appeal is, can appellant recover damages for the death of her husband?" Having thus abandoned all grounds for setting aside the verdict, except this one, it was entirely proper for this court to assume that there were no other assignments of error which merited attention.

The circuit court having strictly complied with the mandate of this court, the order and judgment appealed from are affirmed.