## SANDIGE V. WIDMANN *et al.*

Laws 1897, Chap. 72, § 11, provides that it shall not be lawful to sell intoxicating liquors to any person in the habit of becoming intoxicated, or to any person when forbidden to do so by the husband, wife, etc., of such person. Section 16 authorizes a married woman to maintain an action for damages against a person who unlawfully sells intoxicating liquors to her husband. *Held*, that Section 11 prohibits the sale of intoxocating liquors, under all circumstances, to a person in the habit of becoming intoxicated, and written notice by the wife is not necessary to establish her right to damages for the sale of intoxicating liquors to her husband, he being a person with such a habit.

(Opinion filed September 2, 1899.)

Appeal from circuit court, Davison county. Hon. FRANK B. SMITH, Judge.

Action by a wife to recover damages for the unlawful sale of intoxicating liquors to her husband. Plaintff had judgment and defendants appeal. Affirmed.

The facts are stated in the opinion.

*T. J. Spangler* and *J. L. Hannett,* for appellants.

No written notice having been given to defendant Widmann, plaintiff cannot recover. §§ 11 and 16, Chap. 72, Laws 1897.

CORSON, P. J.   This was an action by the plaintiff, as a married woman, against Fred Widmann, a saloon keeper, and his bondsmen, to recover damages sustained by her and her children by reason of sales of intoxicating liquor to her husband by said Fred Widmann between the 1st day of July, 1897, and the 15th day of December of the same year. The defendant admitted he was a saloon keeper, but denied, by reason of

want of information and belief, most of the other allegations of plaintiff's complaint. Verdict and judgment for the plaintiff, and defendants appeal.

This action is brought under Chap. 72, Laws 1897, relating to the manufacture and sale of intoxicating liquors. On the trial the plaintiff, to sustain her cause of action, introduced evidence tending to prove that she was the wife of one James Sandige, and mother of five children by said husband, all of whom were living; that her husband, when sober, was an able-bodied man, capable of earning for herself and children sufficient means for their necessary support, but that from about the 1st of July, 1897, to the middle of December of that year, he frequented the saloon of the defendant Widmann, was almost daily intoxicated, and failed during that time to provide sufficient means for the support of herself and children. The principal question to be considered in this case is as to the construction to be given to sections 11 and 16 of the act referred to. These sections read as follows:

"Sec. 11. It shall not be lawful for any person to sell, furnish or give away any spirituous, malt, brewed, fermented, or vinous liquors to any minor, to any intoxicated person, nor to any person in the habit of getting intoxicated, nor to any person when forbidden in writing to do so by the husband, wife, parent, child, guardian, or employer of such person, or the supervisor of the township, or the president or a trustee of a town, mayor of a city, the board of county commissioners of the county where such person shall reside or temporarily remain. The fact of selling, giving or furnishing any liquor in any place where intoxicating liquors are sold or kept for sale to any minor, or to any intoxicated person, or to any person in

the habit of getting intoxicated, or to any person when forbidden in writing to do so by the husband, wife, parent, child, guardian, or employer of such person,  *  *  *  shall be prima facia evidence of intent on the part of the person so selling, giving or furnishing to violate the law.  *  *  *"

"Sec.  16.  The damages in all cases arising under this act, together with the costs of suits, shall be recovered in an action before any court of competent jurisdiction, and in any case where parents shall be entitled to such damages, either the father or mother may sue alone therefor, but the commencement of suit and recovery by one of said parties shall be a bar to a suit brought by the other.  And it shall be lawful for any married woman or any other person at her request to institute and maintain in her own name a suit on any such bond mentioned in this act for all damages sustained by her or by her children on account or such traffic, and the money when collected shall be paid over for the use of herself and children.  *  *  *  And in an action for damages brought by a married woman or other person whose support legally devolves upon a person disqualified by intemperance from earning the same, it shall only be necessary to prove that the defendant has given or sold intoxicating drinks to such person during the period of such disqualification."

It is contended on the part of the appellants that the plaintiff could not recover in this action without proving the service of a written notice by her upon the defendant Widmann, notifying him of the fact that her husband was in the habit of getting intoxicated, and forbidding him to sell to her said husband intoxicating liquors, and that in this case no such proof was made on the part of the plaintiff.  The plaintiff gave evidence

tending to prove verbal notice to the defendant Widman, but we are of the opinion that, construing Sections 11 and 16 together, a written notice was not necessary in order to enable the plaintiff to maintain her action. It will be noticed that, by the first clause of Section 11, "it shall not be lawful for any person to sell, * * * any spiritous * * * liquors to any minor, to any intoxicated person nor to any person in the habit of getting intoxicated, nor to any person when forbidden," etc. To the first three classes of persons it is made unlawful for the saloon keeper to sell liquor under any circumstances. There are other classes to whom it is made unlawful for the saloon keeper to sell liquor when forbidden to do so in writing. It will be further observed that in the last clause of Section 16 it is provided that "in an action for damages brought by a married woman * * * whose support legally devolves upon a person disqualified by intemperance from earning the same, it shall only be necessary to prove that the defendant had given or sold intoxicating drinks to such person during the period of such disqualification." The disqualification referred to in this clause evidently refers to a person in the habit of getting intoxicated. The saloon keeper is bound to ascertain and to know that the person to whom he sells intoxicating liquors is not a minor, is not intoxicated, and is not in the habit of getting intoxicated; and as to such persons no notice is required, forbidding him to make sales. The lawmaking power evidently intended to make it absolutely unlawful to sell intoxicating liquors to any of the three classes of persons mentioned in Section 11, and it also evidently intended to require of the saloon keeper to ascertain at his peril whether or not the person to whom he was selling came within either of these classes.

The appellants further contend that the instructions of the court were erroneous and prejudicial to them. The only instruction that we deem it necessary to consider is the one set out in the tenth assignment of error, which is, in substance, that, if the jury found that the plaintiff had suffered any personal injuries from her husband, then the plaintiff might recover for all such personal injuries she so suffered. The appellants contend that this instructiona ssumes that there was some evidence tending to prove that the plaintiff had sustained personal injuries at the hands of her husband while intoxicated, and that the court erred in assuming that there was evidence of that nature. But we are of the opinion that the court was correct. We find in the record some evidence tending to prove personal injuries to the plaintiff by her husband, sufficient to warrant an instruction upon that subject.

The rulings of the court upon the admission or rejection of testimony, were largely based upon appellant's theory that the plaintiff could not recover in this action without proving the service of a written notice upon the defendant forbidding him to make sales of intoxicating liquor to her husband, and, as we hold that such written notice was not required,, it does not become necessary to discuss or consider these findings. Finding no error in the judgment, the same is affirmed.