## NORDIN *et al.* v. KJOS *et al.*

Laws 1897, c. 72, relates to the licensing of saloon keepers, and requires them to give bond. Section 16 provides that "it shall be lawful for any married woman, or any other person at her request, to institute and maintain in her own name a suit on any such bond mentioned in this act for all damages sustained by her or by her children on account of such traffic, and the money when collected shall be paid over for the use of herself and children." *Held,* that a married woman in whose favor a right of action had accrued under said provision did not lose the right to maintain such action by subsequently obtaining a divorce.

(Opinion filed August 29, 1900.)

Appeal from circuit court, Clark county. Hon. JULIAN BENNETT, Judge.

Action by Hanna Nordin and others against Christ Kjos and Christ Bjornethum, partners as Kjos & Bjornethum. Judg

ment on demurrer dismissing the complaint as to the plaintiff
Hanna Nordin, and she appeals.    Reversed.

The facts are stated in the opinion.

*S. A. Keenan,* for appellant.

*C. X. Seward, F. G. Bohri, F. E. Strawder* and *W. S. Glass,*
for respondents.

A divorced woman cannot maintain an action to recover
damages under Chap. 72, Session Laws of 1897.    Black on In-
tox. Liquors, §279; Schneider v. Hosier, 21 Oh. St. 98.

FULLER, P. J.    The right of a divorced wife to maintain,
with her minor children, an action against a licensed saloon
keeper to recover damages caused by the sale of intoxicating
liquors to her husband during coverture, is the only point pre
sented by this appeal from an order sustaining, as to her, a
demurrer to the complaint, as follows: ''(1) The plaintiff
Hanna Nordin has not legal capacity to sue, in this: That at
the time of the commencement of this action she was not the
wife of Peter Nordin, named in said complaint; that she was
not a married woman at the time of the commencement of this
action.    (2) There is a defect of parties plaintiff in this action,
in this: That the said Hanna Nordin is not a proper party
plaintiff; that the said Hanna Nordin is not a proper party
plaintiff as guardian *ad litem* of the plaintiffs Elmer Nordin,
Frederich Nordin, and Ester Nordin. minors.    (3) The said
complaint does not state facts sufficient to constitute a cause of
action against the said defendants, or either of them.''    For all
essential purposes, it is conceded by the demurrer that respond-
ents knew that the husband of appellant was addicted to the
excessive use of intoxicants from July 1, 1898, to March, 1,

1899, and yet they sold him liquors from time to time, even after he became an habitual drunkard, and while intoxicated, until by the use of such drink he became insane, and has ever since been an inmate of the Hospital for the Insane at Yankton. At all times prior to acquiring the drink habit. by reason of which he paid respondents practically all his money, and became incapacitated both mentally and physically, this husband and father was affectionate to all, and, from his earnings as a skilled mechanic, provided his wife and children with a comfortable home, according to their station in life; but ever since then destitution has been their lot, and his little boys and girl have received such meager maintenance only as the mother could afford by her daily toil. The fifth paragraph of the complaint is in the following form: "That prior to the sale, gift, and delivery of such intoxicating liquors by defendants to said Peter Nordin, the latter, since his marriage, had always conducted himself towards plaintiffs as a kind, attentive, and affectionate husband and father, but that after such sale, gift, and delivery as aforesaid he became cruel and vicious, threatening to shoot, stab, and otherwise kill these plaintiffs; that, as he continued to consume the said intoxicating liquors furnished by defendants as aforesaid, said cruel and vicious habits continued to grow, until it became impossible for plaintiffs to live in the same house with him, and that, for the protection of her life and the lives of said minor children, it became neccessary for plaintiff Hanna Nordin to apply for a divorce from said Peter Nordin; that afterwards, and on the 24th day of May, 1899, a decree of divorce was granted Hanna Nordin from said Peter Nordin; that said Peter Nordin's intemperance, intoxication, and the habits caused thereby, as aforesaid, were

the only reasons and grounds for the application of said divorce, all of which was caused by the sale, gift, and delivery of said intoxicating liquors to said Peter Nordin by said defendants as aforesaid, and as the latter then and there well knew.''

The statute creating the right to maintain the cause of action alleged in the complaint provides that ''it shall be lawful for any married woman or any other person at her request to institute and maintain in her own name a suit * * * for all damages sustained by her or by her children on account of such traffic, and the money when collected shall be paid over for the use of herself and children.'' Section 16, c. 72, Laws 1897. Mr. Black, in substance, says that such an action is usually brought by the impoverished wife, for the especial benefit of whom the statute seems to have been enacted, and though she be specifically mentioned as the one to whom the right of action is given, the courts have unanimously repudiated the doctrine that she cannot sue after the death of her husband, because she is no longer a "wife." "The right of action vests in her at the time the defendant causes the intoxication of the person who subsequently dies, and, having vested, the statute does not devest it upon the death of the husband, nor does it abate upon common-law principles. By the death the plaintiff loses her character of wife, but her identity is not changed." Black, Intox. Liquors, 283. So, in this case, when respondents besotted the husband and destroyed appellant's means of support, a right of action against them vested in her, concurrently, which inherently subsists; and a subsequent divorce, rendered absolutely necessary by their unlawful conduct, neither changes her identity, nor exempts them from a liability clearly within the spirit of a most beneficent statutory

provision. By rendering the husband wholly incapable of performing his legal duty to support his wife and their minor children, they were all as completely deprived of a vested right as though the debauchery had resulted in death instead of insanity; and, upon principle, there can be no distinction, so far as the administration of the statutory remedy is concerned, between women seperated from their husbands by death, and those who have. under circumstances like the present, obtained a divorce. The term "married woman" is used by the legislature merely to designaie a class of persons to whom or for whom the right to maintain the action is given, and, if the injury complained of was sustained wnile the marriage relation existed, her vested right to sue is not abated by the fact that such relation, essential only to the inception of the right, has since ceased. Being the identical person injured, she may enforce that personal right, which the law gave her, untrammeled by the fact that a court of justice, upon good cause shown, has subsequently annulled the contract which made her a married woman. The order sustaining the demurrer is reversed, and the case remanded for further proceedings.