## PAULSON v. LANGNESS *et al.*

Laws 1897, c. 72, § 6, provides that a licensed dealer in intoxicating liquor shall give a bond conditioned that he shall pay all damages adjudged to any person for injury in person, property, or means of support, etc., by reason of selling, furnishing, etc., such liquor. Section 16 provides that a wife may institute suit in her own name on the bond of a licensed dealer, for loss of her support. Held, that to render a liquor dealer civilly liable to a wife for the sale of liquor to her husband, occasioning an accident resulting in his death, the liquor dealer must have possessed a license, an unlicensed dealer not being so liable.

(Opinion filed February 4, 1903.)

Appeal from circuit court, Minnehaha county. Hon.
JOSEPH, W. JONES, Judge,

Action by Sigrid Paulson against Ole Langness and an-
other. From an order sustaining a demurrer to the complaint,
plaintiff appeals. Affirmed.

*D. R. Bailey* and *Davis, Lyon & Gates*, for appellant.

*Aikens & Judge*, for respondents.

FULLER, J. This is an appeal from an order sustaining a
demurrer to the complaint in an action by a widow to recover
damages occasioned by the loss of her means of support re-
sulting from intoxication produced by liquor sold to her hus
band by the defendants, and by reason of which his life termi-
nated. Confessedly, appellant's remedy, if she has one, is to
be found in chapter 72, Laws 1897, entitled ''An act to provide
for the licensing, restriction and regulation of the business of
the manufacture and sale of spirituous and intoxicating liqu-
ors.'' After stating, among other things, that she was the
wife of Iver Paulson, whose death occurred on the 15th day of
March, 1899 it is alleged in the complaint: ''That for a long time
prior thereto, and on said 15th day of March 1899, the defend-
ants were engaged in business at Baltic aforesaid, and were
engaged and interested in unlawfully selling intoxicating liqu-
ors as a beverage, namely alcohol and whiskey, and that prior
to the last mentioned date, and up to the time of his death, the
said Iver Paulson was in the habit of becoming intoxicated, and
on that day was intoxicated, which was known to the defend-
ants, their agents, clerks, and employes, and while in that
state of intoxication, on that day, at Baltic, in the township,
county, and state aforesaid, the defendants themselves, and by

their clerks, agents, and employes did sell, furnish, and give
to said Iver Paulson at successive times, and in different quan-
tities, to be drank by him as a beverage, intoxicating liquors,
namely, one pint of alcohol and one pint of whisky, which the
said Iver Paulson thereupon drank, whereby he became and
was and continued to be intoxicated to such an extent that he
became disqualified and incapacitated from managing his team
or caring for the safety of his person, by reason whereof he
received the injuries and lost his life as heretofore set forth."

As a part of the legislative scheme for the regulation and
restriction of the liquor traffic in this state, the wife is given a
right of action against the licensed dealer and the sureties on
his bond for any infraction upon her means of support occa-
sioned by the disposal of intoxicating liquors to her husband.
The obligation is "that he shall pay all damages, actual or ex-
emplary, that may be adjudged to any person or persons for
injuries inflicted upon him or them either in person or proper-
ty, or means of support or otherwise, by reason of his selling,
furnishing, giving or delivering any such liquor." Section 6 c.
72, Laws 1897. Section 16 of the act provided, in substance,
that, to recover the damages arising under this act, the wife
may institute and maintain in her own name, an action on the
bond of a licensed saloon keeper for injury sustained by the loss
of support, and the money recovered shall be paid over for the
use of herself and children. If the defendants "were engaged
and interested in unlawfully selling intoxicating liquors as a
beverage" without first having obtained a license, as required
by the act, they are guilty of a misdemeanor punishable by fine
or imprisonment; but the legislature has provided no remedy
in the nature of an action for damages against illicit dealers

for the loss of support caused by sales made by them. At common law the wife could not recover for the loss of support occasioned by the death of her husband, and, to bring the case within the statute creating both the right and the remedy, it must be alleged and proved that the defendants were licensed dealers. Consequently, the demurrer to the complaint, on the ground that the same does not state facts sufficient to constitute a cause of action, was properly sustained. By granting plaintiff leave to file an amended complaint within 30 days on the payment of $10 terms, any right of action she may have is not prejudiced.

The order appealed from is affirmed.