### GARRIGAN v. THOMPSON *et al.*

1.  A widow of one whose death was caused by intoxication has a right of action against the seller of the liquor to recover for the loss of support caused by the death of her husband.

2.  While section 6 of the form of bond required of liquor dealers provides for a liability for actual and exemplary damages, Comp. Laws 1887, § 4580, only authorizes the recovery of punitive damages in actions for the breach of obligations not arising from the contract, and therefore a widow, suing a liquor dealer and his bondsmen to recover for loss of support caused by the intoxication and resulting death of her husband, is not entitled to exemplary damages, as Laws 1897, c. 72, § 16, giving a married woman a right of action for all damages sustained on account of the sale of intoxicating liquors to her husband, does not in terms confer the right to recover such damages.

(Opinion filed June 3, 1903.)

Appeal to circuit court, Minnehaha county. Hon. JOSEPH W. JONES, Judge.

Action by Mary Garrigan against John T. Thompson and others. Judgment for plaintiff, and defendants appeal. Reversed.

_Robertson & Dougherty_ and _Kittredge, Winans & Scott_, for appellants.

_Joe Kirby_, for respondent.

CORSON, J.   This is an action by the plaintiff, the widow of Michael Garrigan, deceased, to recover of the defendant John T. Thompson as principal, and the other defendants as sureties, damages for the loss of the means of support of herself and her minor child, caused by the sale of intoxicating liquors to her said husband during his lifetime.   Verdict and judgment were for the plaintiff, and the defendants appeal.

On the opening of the trial the defendants objected to the introduction of any evidence under the complaint on the ground that the same does not state facts sufficient to constitute a cause of action.   The principal grounds relied on in support of the motion were that there is no statute in this state giving the plaintiff a right of action for the loss of support caused by the death of her husband, and also that the death of the plaintiff's husband was caused by his own hand, and not by reason of the gift or sale to him of intoxicating liquors by the defendant John T. Thompson, and that his use of intoxicating liquors was not the proximate cause of his death.   The plaintiff, after alleging in her complaint that she was the widow of Michael Garrigan, deceased, and the mother of a minor son, that the defendant John T. Thompson conducted the business of selling intoxicating liquors under a license, and that the other two defendants were sureties upon the bond of said John T. Thompson, alleges, in substance, that at divers times prior to and subsequent to July 1, 1900, and up to the time of the death of the said Michael Garrigan, and while the said Garrigan was in the

habit of getting intoxicated and was intoxicated, the said John T. Thompson did, directly and indirectly, by himself as well as his agents and servants, sell and furnish the said Garrigan intoxicating liquors, and that the said intoxicating liquors were sold to the said Garrigan to be used as a beverage, and were so used by him; that by reason of the use of such liquors said Garrigan was practically kept in a state of intoxication continuously up to the time of his death, and was rendered incapable of attending to his business and supporting his said wife and child; that the said Garrigan, when sober, was able to support his said wife and child in a respectable and becoming manner, but that by reason of said intoxication he was for a long time prior, and at all times subsequent, to the 1st of July, 1900, rendered incapable of continuing his business and supporting his said wife and child; that by reason of the use of said intoxicating liquors the mind of the said Garrigan gave way, and he became despondent and insane, and did upon April 1, 1900, while in said condition, caused by the use of said intoxicating liquors, take his own life.

It will thus be seen that it was clearly alleged in the complaint that the said Michael Garrigan was rendered incapable of providing support for his wife and son, during his lifetime, by reason of the use of intoxicating liquors furnished by the defendant John T. Thompson, and that by the use of said intoxicating liquors he became despondent and insane, resulting in his suicide. The complaint is clearly sufficient as stating a good cause of action against the defendants, if the act regulating the manufacture and sale of intoxicating liquor, passed in 1897, gives the plaintiff a right of action for the loss of support for herself and minor child caused by the intoxication of plain-

tiff's said husband during his lifetime, and the loss of support for herself and minor son caused by the death of her said husband.

It is contended by the appellants that the statute has conferred upon the plaintiff no right of action for damages for the loss of support caused by the sale of intoxicating liquors to her husband. The question presented is practically the same as that presented in the case of Mary A. Stafford v. Henry Levinger et al. 16 S. D. 118, 91 N. W. 462, in which this court held that the widow of the person whose death was caused by intoxication was given a right of action to recover for the loss of support caused by the death of her husband. This court, after a careful review of that case, adheres to its former opinion. It is of the opinion, therefore, that the complaint states a good cause of action against the defendants. As the case of Stafford v. Levinger, supra, was very ably presented by counsel and fully considered by this court, we do not deem it necessary to further discuss the question in this opinion.

The court in its charge to the jury instructed them: "But if Thompson, at the time he sold intoxicating liquors to Garrigan, * * * knew that Garrigan was in the habit of getting intoxicated, * * * and if, after that, he wilfully sold or gave intoxicating liquors to Michael Garrigan, he would be liable not only for actual, but for exemplary and punitive damages, given as a punishment for the purpose of deterring others from the commission of like wrongs." It is contended by the appellants that this instruction is erroneous, for the reason that the act conferring upon a married woman the right to recover damages for the loss of support caused by the sale of intoxicating liquors to her husband only entitles her to such act-

ual damages as she may sustain. We are of the opinion that the appellants are right in their contention, and that the court committed error in instructing the jury that they might find not only for actual, but for exemplary and punitive, damages. The clause in section 16, chapter, 72, Laws 1897, giving to a married woman a right to maintain an action for damages sustained by her and her children on account of the traffic in intoxicating liquors, does not in terms confer upon her a right to recover for exemplary or punitive damages. The section provides, "She may recover for all damages sustained by her or by her children on account of such traffic." This does not include exemplary or punitive damages but only such damages as she and her children actually sustain by reason of the sale of intoxicating liquors to her husband. It is true that in the sixth section the form of the bond required of the person engaging in the sale of intoxicating liquors is given. It is provided that the person so selling "shall also pay all damages actual and exemplary that may be adjudged to any person or persons for injuries inflicted upon him or them either in person or property or in means of support or otherwise by reason of the selling, furnishing or delivering such liquors." But, in the section of the law giving to married women a right of action, it will be noticed that exemplary and punitive damages are omitted. It would seem, therefore, notwithstanding the form of the bond prescribed, the Legislature did not confer upon married women the right to a judgment for such exemplary and punitive damages, and hence a judgment containing such damages cannot be sustained. The form of the bond prescribed by section 6 of the act we are considering was evidently taken from the form of bond adopted by the statute of Michigan, but the

Legislature of that state, in giving the right of action, provides: "And in an action provided for in this section the plaintiff shall have a right to recover actual and exemplary damages." This provision being omitted from the section of our law clearly indicates that the Legislature did not intend to permit the recovery by married women of exemplary or punitive damages. The question in what case exemplary or punitive damages may be awarded by the jury has given rise to much conflict in the decisions. In this state, however, the rule is settled by section 4580, Comp. Laws 1887, which reads as follows: "In an action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud or malice, actual or presumed, the jury, in addition to the actual damages, may give damages for the sake of example, and by way of punishing the defendant." It will be observed from reading this section that exemplary or punitive damages are only given in actions for the breach of an obligation not arising from contract. The action in this case is brought against the defendant John T. Thompson, as principal, and the other defendants, upon an express contract, namely, the bond executed under the provisions of section 6 of the act. In such an action no exemplary or punitive damages can be recovered unless expressly authorized by the law giving the right of action.

It is insisted by the respondent that this court has virtually passed upon a similar instruction in the case of Sandidge v. Widmann, 12 S. D. 101, 80 N. W. 164. An examination of the record in that case discloses the fact that in its charge to the jury the court used language very nearly identical with that used by the court in the case at bar. But in that case those

instructions were not called to our attention by the briefs of counsel or in their oral argument. As stated in the appellants' brief, the only question before the court which the record discloses is, "Did the plaintiff, Clara E. Sandidge, give, a written notice to Fred Widmann not to sell, give or furnish intoxicating liquors to her husband, James Sandidge, or did any one give such notice for and in her behalf?" "And are the defendants liable to the plaintiff for damages caused by injury in her means of support by reason of the selling or giving of intoxicating liquors to her said husband in the absence of such written notice?" These two questions were the only ones discussed by counsel or decided by the court in that case, as all the other questions presented by the record were deemed waived. As this court cannot determine how much of the damages included in the judgment were for actual damages, and how much were for exemplary or punitive damages, the judgment of the circuit court and the order denying a new trial must be reversed. Several other questions were discussed by counsel in their briefs, but as these questions may not arise upon another trial we do not deem it necessary to decide them at this time.

The judgment and order denying a new trial are reversed.