## KENNEDY et al. v. GARRIGAN.

The satisfaction of a judgment against one of three joint tort-feasors would discharge it as to the others.

The creation of a civil right of action in a wife, etc., for damages resulting from the illegal sale of liquor to her husband, is a proper exercise of legislative power.

Both the right of action and the remedy given by statutes creating a civil right of action for damages for illegally selling intoxicants are controlled by the statute giving the right of action, and are exclusive, and cannot be enlarged except by statute.

Under the civil damage laws, giving a right of action for damages resulting from unlawfully selling intoxicants, only the persons authorized by statutes can maintain the action.

Laws 1897, p. 211, c. 72, § 16, permitting a married woman to maintain an action on any liquor dealer's bond for damages sustained by her or her children on account of the illegal sale of liquor to her husband, does not give a joint right of action against bondsmen of different saloon keepers who have each contributed to the injury; and hence the discharge of a judgment against one of two saloon keepers who together sold plaintiff's husband the intoxicants which caused his death would not discharge a judgment against the other saloon keeper.

(Opinion filed, May 21, 1909.)

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by Samuel Kennedy and another against Mary Garrigan and another. From an order overruling a demurrer to the complaint ,the defendant named appeals. Reversed and remanded, with directions to sustain demurrer and dismiss the complaint.

*Joe Kirby,* for appellant. *Robertson & Dougherty, Rogde & Winans,* and *A. B. Kittredge,* for respondents.

SMITH, J. This is an appeal from an order overruling a demurrer to the plaintiffs' complaint. The complaint alleges, in substance, that the plaintiff Kennedy and also one Thompson, and one Huntemer, were severally engaged in the business of selling intoxicating liquors at retail under separate and distinct licenses, and had separate and distinct places of business in the town of Dell Rapids, in this state; that about June 10, 1901, the defendant Mary Garrigan began three separate and distinct actions against the above-named saloon keepers and their respective bondsmen to recover damages to her means of support by reason of the death of her husband, resulting from the sale of intoxicating liquors to him by all of said saloon keepers. That in said actions this defendant Mary Garrigan sought to recover the full sum of $2,000 damages against each of said saloon keepers and their bondsmen; that such proceedings were thereafter had that the defendant Mary Garrigan recovered a judgment against this plaintiff Kennedy and his bondsmen for the sum of $1,500 and costs, and recovered a judgment against Thompson and his bondsmen for the sum of $2,000 and costs; both of which judgments were affirmed on appeal by the Supreme Court; that the action against Huntemer was abated; that the sales to the deceased husband by the three saloon keepers named covered the same period of time, and that deceased drank in each of said saloons, and was kept in practically a state of continuous intoxication from July 1, 1900, to April 1, 1901, and that his death then resulted from the effects of such combined sales of intoxicating liquors. The complaint further alleges that the said judgment for $2,000 and costs against the said Thompson has been fully paid and satisfied, and that the defendant Mary Garrigan has now taken out an execution on the said judg-

ment for $1,500 and costs against this plaintiff Kennedy, and has caused the same to be levied upon his property and the same is about to be sold to satisfy said judgment; that thereby this defendant is seeking to obtain a second satisfaction for the same joint tort or wrong; that plaintiffs have no plain, speedy, and adequate remedy at law, and the plaintiffs therefore pray a perpetual injunction against the enforcement and a cancellation of said judgment. A demurrer to the complaint on the ground that it does not state a cause of action was overruled, and defendant appeals.

The question presented is whether sales of intoxicating liquors by the three saloon keepers named to the deceased husband the combined effects of which caused his death constituted a joint tort. If so, the satisfaction of the judgment against one of the three joint tort-feasors would discharge the others. Respondent has filed no brief on this appeal, but we know of no other theory of the law than that indicated on which this action could be brought. The direct question here presented is before this court for the first time under the laws of this state relating to the sale of intoxicating liquors. The question as to the liability for damages of persons not licensed to sell was before this court in Paulson v. Langness, 16 S. D. 471, 93 N. W. 655; and it was there held in line with decisions of many of the other states that no such liability ever exists except by statutory enactment, and that we have no such statute in this state, and in that case this court expressly holds that the statute making the sale of intoxicating liquors wihout a license a criminal act does not create a civil liability for damages resulting from such unlawful sales; and that both the right and the remedy must be "within the terms of the statute." The question of the right to sue and of damages in this class of cases has been many times before the courts of the various states. But in considering such decisions it must be remembered that the particular statutory provisions in each state are most important and are controlling both as to the right and the remedy. Black, Intoxicating Liquors, § 281. That the creation of rights and remedies in these civil damage acts is a proper exercise of legislative power has been so long settled that no citation of authorities is necessary. Many

of the states have given the remedy in damages the general form of tort actions by declaring that all persons who by selling contribute to the intoxication shall be jointly and severally liable. Some have added provisions for enforcing contributions from co-defendants where one defendant has been compelled to pay the entire damage. Others have provided that all persons so selling, whether licensed or not, were equally liable, and could be sued jointly or severally. An attempt to analyze the various statutes of the different states, and the decisions thereunder, would serve no useful purpose here, and we need not undertake it. The statutes in Iowa and Michigan for example contain provisions in some respects similar to our own, but contain also others which materially modify these provisions when construed in connection with the rest of the statute. One thing must be constantly borne in mind when considering these civil damage acts—the right and the remedy created by these statutes are exclusive. No right of action exists save that expressly given by the statute, and the remedy prescribed cannot be enlarged except by further legislative enactment. No action can be maintained except by the persons named in the statute, and no suit can be maintained except that expressly provided for in the statute. An examination of the statute of this state will serve to remove much of the confusion which would arise in an attempt to apply to it the reasoning of other courts based on different statutes. Our statute is as follows: "And it shall be lawful for any married woman or any other person at her request, to institute and maintain in her own name, a suit on any such bond mentioned in this act, for all damages sustained by her or her children on account of such traffic, and the money when collected shall be paid over for the use of herself and children." Laws 1897, p. 211, c. 72, § 16. It will be observed that the right is given to "any married woman * * * to institute and maintain in her own name a suit on any such bond mentioned in such act, for all damages. * * *" No other or different liability, or other or different suit or action, is anywhere provided for in this act regulating the sale of intoxicating liquors in this state, and this court has expressly held in direct line with this view in Garrigan v. Thompson, 17 S. D. 137, 95 N. W. 294, that this action is one

on contract upon the bond, and for that reason it was held error for the court to instruct the jury that exemplary damages migh* be recovered, because under section 4580, Comp: Laws, such damages are allowed only "in an action for the breach of an obligation not arising from contract. * * *" It will be observed, also, that our statute nowhere gives the right to maintain a joint action against the different sellers of intoxicating liquors whose acts have contributed to the injury. The Legislature has prescribed the amount and condition of the bond to be given by each seller of intoxicating liquors, but has nowhere limited by statute the damages—except as to the amount in each individual bond—which might be recovered. No provision for contribution between different sellers is found in the statute. That a joint action could not be maintained against different saloon keepers and their bondsmen under this statute seems too plain to require discussion, and we are unable to see under what principle of law or under what line of reasoning the payment and satisfaction of the judgment and costs against the saloon keeper, Thompson, could possibly be held to operate as a satisfaction of the judgment against this plaintiff and his bondsmen under a statute such as we have in this state.

The order of the court overruling the demurrer is reversed, and the case remanded, with directions to the trial court to sustain the demurrer, and dismiss the action.