SWANSON, Respondent, v. BALL, et al, Appellants

(291 N. W. 577.)

(File No. 8312. Opinion filed April 17, 1940.)

Rehearing Denied May 28, 1940.

**Tom Kirby,** of Sioux Falls, for Appellant.

**John C. Mundt** and **Cherry & Braithwaite,** all of Sioux Falls, for Respondent.

WARREN, J. An action was instituted by Augusta C. Swanson, plaintiff, against the defendants, Amiel W. Ball, Fred J. Ball and Western Surety Company for the recovery of actual damages in the sum of $10,000 and exemplary and punitive damages in the sum of $5,000. As against the Western Surety Company to recover the sum of $1,000 only,

that being the full penalty of said undertaking executed by said company as surety for above named defendants. The facts involved and the decision of the issues concerning plaintiff's claim may be found in our opinion in 67 S. D. 161, 290 N. W. 482. The defendant Western Surety Company demurred separately to plaintiff's complaint and after trial upon the demurrer an order issued overruling said demurrer, from which order the defendant Western Surety Company appealed.

On this appeal we are particularly concerned with the liability of the Western Surety Company, appellants, on the bond. The pertinent facts are that the defendants Amiel W. Ball and Fred J. Ball are charged with violating the law by selling intoxicating liquor to respondent's husband; that the bond was executed in favor of the State of South Dakota; that it made no mention of third parties; that it was executed for the purpose of securing payment of taxes and license fees; and to secure the faithful performance of all the provisions of the South Dakota Liquor Control Law, Laws 1935, c. 134, and existing laws. For a clearer understanding and import thereof we quote a portion of the bond: "Whereas, The above bounden principal desires to carry on the business of a On Sale Dealer * * * in the municipality of Sioux Falls, County of Minnehaha, South Dakota, and is about to be granted a license for that purpose pursuant to· the South Dakota Liquor Control Act of the State of South Dakota. Now Therefore, If the said principal shall obey the laws relating to such business; and shall promptly pay to the State of South Dakota, when due, all taxes and license fees payable by him under said act including any loss sustained on account of failure of such licensee to pay such tax or any loss including costs assessed against him by any judgment rendered in a Court of competent jurisdiction for the violation of the terms of this Act; that he will faithfully abide by all the provisions of the South Dakota Liquor Control Law and existing laws, and that he will promptly pay to the State of South Dakota all taxes assessed against him under the provisions of said law; and shall obey and comply with any order of the Liquor Control Commission re-

straining him from selling any and all brands of intoxicating liquor had by him unless the Liquor Control Commission unreasonably restrains him from so selling for a longer period than ten (10) days; and shall pay all fines, costs and cost penalties which may be adjudged against him for the violation of any of the provisions of said Act relating to said Class "D" license, then the above obligation shall be null and void, otherwise to remain in full force and effect. * * *"

Respondent's contention is that the bond is for the benefit of all persons injured by the positive violation of the South Dakota Liquor Control Law and that this bond is analogous to public official bonds and that it is settled that a bond which requires a principal to faithfully obey the laws gives a right of action to anyone injured by his failure to do so.

■■■ The bond sued upon seems to be drawn in accordance with § 19, Ch. 134, Laws of 1935. We are in grave doubt that the statute forming the basis of the bond was intended to cover the rights and benefits which respondent claims to flow from the statute and the bond. We are not favorably impressed with the argument that the bond is directly analogous to the situation which may be found in public officials such as policemen, sheriffs and others which are required by law to give bonds. True those bonds are prescribed by statute but we fail to find that the bond in the instant case is analogous even though it runs to the state or a political subdivision thereof the same as an official's bond. In Burkland v. Bliss et al., 62 S. D. 91, 252 N. W. 25, we passed upon an officer's bond. In that case the officer was required and did furnish a bond which among other things provided that he would faithfully discharge the duties of his office. In that case this Court called attention to the rule applicable to official bonds announced in Hollister v. Hubbard, 11 S. D. 461, 78 N. W. 949, in which this Court said, "While the statute requires that the sheriff's official bond shall be in form given to the county as a mere matter of expediency, **it is designed to protect the public, whose servant he is, and indemnify each person that may be injured by his default or misconduct in office.**" (Emphasis ours)

We are unable to stretch the language of the bond before us to give it the interpretation that has been given to official bonds just quoted. The bond before us provides that the "licensee shall obey the laws relating to such business." That is part of the contract that the statute has imposed upon the surety and his specific liability to carry out the compact of the statute in observing the provisions thereof and to insure and indemnify in case the dealer fails to obey the laws and fails to pay taxes, license fees or costs. In short its purpose is to protect the state for the fines and penalties, also, other enumerated things expressed in the statute not now necessary to enumerate in this opinion. This bond is a contract only with the state of South Dakota and not for the benefit of undisclosed persons or parties. Its force and power is derived solely by virtue of the statute which created it. Thunder Hawk School Dist. No. 8 v. Western Surety Company, 58 S. D. 312, 235 N. W. 921. Sections 38, 39, 40 and 41 seem to specify who way sue for a breach and we interpret said sections as limiting the parties who may bring suit. Kennedy v. Garrigan, 23 S. D. 265, 121 N. W. 783, 21 Ann. Cas. 392.

For all of the foregoing reasons we hold that the bond does not indemnify third parties such as the present plaintiff and that the appellant Western Surety Company's demurrer to the plaintiff's complaint should have been sustained. The order appealed from is reversed and the plaintiff's complaint as to the appellant, Western Surety Company, in this case is dismissed.

POLLEY and ROBERTS, JJ., concur.

SMITH, P.J., and RUDOLPH, J., dissent.