GRIFFIN et al., Appellants v. SEBEK et ux, Respondents

(245 N.W.2d 481)

(File No. 11623. Opinion filed September 15, 1976)

Richardson, Groseclose, Kornmann & Wyly, Aberdeen, Conmy, Feste & Bossart, Ltd., Fargo, N.D., for plaintiffs and appellants.

Holland & Brantseg, Sisseton, for defendants and respondents.

COLER, Justice.

Appellants, the son and his father, respectively, commenced this action for damages based upon the theory of negligence of respondents, as a licensed on-sale and off-sale dealer in alcoholic beverages, in an alleged unlawful sale of intoxicants.

The trial court granted respondents' motion to dismiss the action for failure to state a claim upon which relief can be granted pursuant to SDCL 15-6-12(b)(5). The appeal is from that order which determined the action on its merits. SDCL 15-26-1(2), 15-26-1(4). We affirm.

The facts of the case are reflected only in the complaint and

the briefs of the parties as no responsive pleading was made or filed and no matters outside the pleading were presented to the court to require the motion to be treated as a motion for summary judgment. RCP 12(b), RCP 56.

Appellants allege that respondents, as licensed dealers, violated laws of both South Dakota and North Dakota by selling alcoholic beverages on a Sunday, April 30, 1972, throughout the early morning hours to seventeen-year-old Robert James Griffin and his companion, eighteen-year-old David L. Hager, and that respondents continued to sell intoxicants to the latter after he became intoxicated, contrary to SDCL 35-4-78. It is further claimed that respondents sold intoxicants contrary to the provisions of SDCL 35-4-81.1, i.e., Sunday sales. In their brief appellants seem to acknowledge that the alcoholic beverage sold was low-point beer, which is governed by SDCL 35-6. Low-point beer is generally excluded from the provisions of SDCL 35-4 by SDCL 35-4-1 except as provided in SDCL 35-6-27. Assuming that it might be established that respondents violated the provisions of SDCL 35-6-27 or some other statute, the question presented by appellants brief is whether in the absence of a Civil Damage Act, otherwise referred to as a "Dram Shop Act," the common law now authorizes or should be liberalized to afford a remedy. In this instance, the remedy we are asked to provide would authorize recovery against a licensee to both a person who was sold an alcoholic beverage and is injured in a motor vehicle accident in North Dakota, alleged to have been caused by an intoxicated driver to whom respondents also supplied an alcoholic beverage, and to the father of a minor so injured and who incurred substantial medical expense for his son's care.

After a thorough review of the legislative history of civil damage acts and dramshop acts in this state, as well as the numerous decisions of this court construing those acts, we decline the invitation to so legislate. This court, early in its history, stated "That the creation of rights and remedies in these civil damage acts is a proper exercise of legislative power has been so long settled that no citation of authorities is necessary." Kennedy v. Garrigan, 1909, 23 S.D. 265, 121 N.W. 783.

Appellants acknowledge the general rule that:

> "At common law, and apart from statute, no redress exists against persons selling, giving, or furnishing intoxicating liquor, or their sureties, for resulting injuries or damages due to the acts of intoxicated persons, whether on the theory that the dispensing of the liquor constitutes a direct wrong or constitutes actionable negligence, and, there being no remedy in favor of the person injured, no remedy may be asserted by his surviving spouse. This rule is based on the theory that the proximate cause of the injury is the act of the purchaser in drinking the liquor and not the act of the vendor in selling it." 48 C.J.S. Intoxicating Liquors § 430. See also 75 A.L.R.2d 835.

Appellants claim, however, that the modern and more liberal view expressed by the New Jersey court in Rappaport v. Nichols, 1959, 31 N.J. 188, 156 A.2d 1, 75 A.L.R.2d 821, which, absent a dramshop act, permitted cases such as the one at bar to go to the jury on common law negligence, should be adopted by this court. Granted that Rappaport v. Nichols, supra, has been quoted with favor and indeed followed in several jurisdictions, see Waynick v. Chicago's Last Department Store, 1959, 7 Cir., 269 F.2d 322, 77 A.L.R.2d 1260; Berkeley v. Park, 1965, 47 Misc.2d 381, 262 N.Y.S.2d 290; Elder v. Fisher, 1966, 247 Ind. 598, 217 N.E.2d 847; Adamian v. Three Sons, Inc., 1968, 353 Mass. 498, 233 N.E.2d 18, it is observed that the New Jersey court recognized that the legislative activity of that state in the area was limited. As stated by that court, "During prohibition days, New Jersey had a Civil Damage Law which imposed strict liability for compensatory and punitive damages upon unlawful sellers of alcoholic beverages. See L.1921, c. 103, p. 184; L.1922, c. 257, p. 628. The law was repealed in 1934 (L.1934, c. 32, p. 104) along with other miscellaneous liquor enactments in the light of the abandonment of prohibition and its replacement by the Alcoholic Beverage Control Act, L.1933, c. 436, p. 1180; R.S. 33:1-1 et seq., N.J.S.A." Rappaport v. Nichols, supra.

Had our legislature failed to consider the evil to be remedied

for a like period of time some justification might be found for this court's embarking on such a course. However, the statutory history in this state does not reflect callousness or lack of legislative concern or action.

During the two periods in this state's history in which we experienced prohibition, that is from the years 1890 to 1896 and again from 1917 to 1935, as evidenced by the historical note following S.D.Const. Art. XXIV, the right of action against illicit sellers of intoxicating liquor was granted to various classes of persons under varying degrees of proof and during each period both actual and exemplary damages could be recovered.[1]

---

1. The provisions of Laws of 1890, Ch. 101, § 15, read as follows:

"Every wife, child, parent, guardian, employer or other person who shall be injured in person or property, or means of support by any intoxicated person, or in consequence of intoxication, habitual or otherwise, of any person, such wife, child, parent or guardian, or employer shall have a right of action in his or her own name, against any person who shall by selling, bartering or giving away intoxicating liquors in violation of the provisions of this act having caused the intoxication of such person in whole or in part, for all damages actually sustained, as well as for exemplary damages; and a married woman shall have the right to bring suits, prosecute and control the same, and the amount recovered, the same as if unmarried; and all damages recovered by a minor under this act shall be paid either to such minor or to his or her parent, guardian or next friend, as the court shall direct; and all suits for damages under this act shall be by civil action in any of the courts of this State having jurisdiction thereof."

Subsequently, Laws of 1917, Ch. 281, § 80, codified as R.Pol.C.1919, § 10309 read as follows:

"Every wife, husband, child, parent, guardian or other person who shall be injured in person or property or means of support or otherwise, or by an intoxicated person, by reason of the selling, giving or furnishing to any person of any intoxicating liquors in violation of the provisions of this act, shall have a right of action in his or her name against any person [partnership], or corporation who shall, by selling or giving away [any] such liquors have caused or contributed to the intoxication of such person or persons, or who shall have caused or contributed to any injury, and in any action provided for in this section, the 'Plaintiff' shall have a right to recover actual and exemplary damages in [such] sum as the court or jury shall determine. Actual damages may be recovered for mental anguish, suffering, disgrace, wounded feelings or loss or standing in society suffered by the plaintiff by reason of the intoxication and the result and consequences thereof, of such person or persons, even though no proof is produced of actual injury to the person or property or means of support of the plaintiff, and in all [such] cases of this kind proof that the defendant sold, gave, furnished or delivered any intoxicating liquors to [such] person or persons, contrary to law, shall be prima facie evidence that the same was done oppressively and maliciously. In case of the death of either party, the action or right of action given by this section shall survive to or against his or her executor or administrator, and in every action by [a] husband [or] wife, parent or child, the general reputation of the relation of husband and wife, parent and child, shall be prima facie evidence of such relation."

Following the repeal of the then provisions of Article XXIV of the Constitution of the State of South Dakota, by a vote of the people in November 1896 pursuant to the Laws of 1895, Ch. 38, the legislature carried forward similar provisions imposing liability upon licensed dealers and also authorized an action on the bond of the licensee.

When liquor was again legalized the legislature, by the Laws of 1897, Ch. 72, § 6 as amended by the Laws of 1901, Ch. 141, § 3 and codified as R.Pol.C.1903, § 2839, required the execution of a bond by a licensee in the sum of $2,000 and further provided, in part, that

"in all actions brought upon said bond for damages by reason of the violation of any of the provisions thereof, the plaintiff in such action shall, in the event of recovering a judgment of any amount, also recover his costs of suit."

The foregoing provision related back to a covenant required to be in the bond, the recital being as follows:

"Whereas, the said principal has covenanted and agreed and doth hereby covenant and agree, as follows, to-wit: That he will not directly or indirectly by himself, his clerk, agent or servant at any time sell, furnish, give or deliver any spirituous, malt, brewed, fermented or vinous liquors, or any mixed liquors, or any mixture or compound, any part of which is spirituous, malt, brewed, fermented or vinous liquors to a minor or to any adult person whatever who is at the time intoxicated, nor to any person in the habit of getting intoxicated, when notified in writing that such person is in the habit of getting intoxicated nor to any person when forbidden in writing to do so by the husband, wife, parent, child, guardian or employer of such person or by the supervisor of the township, mayor of the city or president or a trustee of any town or member of the board of county commissioners of the county in which such person shall reside or temporarily remain, that he shall also pay all

damages, actual and exemplary, that may be adjudged to any person or persons for injuries inflicted upon him or them either in person or property or means of support or otherwise by reason of his selling, furnishing, giving or delivering any such liquor. Now the conditions of this obligation are such that if said principal shall well and truly keep and perform all and singular the foregoing covenants and agreements and shall pay any judgment for actual or exemplary damages which may be recovered against him in any court of competent jurisdiction and all fines and costs that may be imposed upon him for any violation of this act, then this obligation shall be void and of no effect, otherwise the same shall be in full force and effect."

In addition to the foregoing provision the procedure was established and the parties to whom the right of a cause of action enured were spelled out in the Laws of 1897, Ch. 72, § 16, as codified in R.Pol.C. 1903, § 2849 as follows:

"The damages in all cases arising under this article, together with the costs of suits, shall be recovered in an action before any court of competent jurisdiction; and in any case where parents shall be entitled to such damages, either the father or mother may sue alone therefor, but the commencement of suit and recovery by one of said parties shall be a bar to the suit brought by the other. And it shall be lawful for any married woman or any other person at her request to institute and maintain in her own name a suit on any such bond mentioned in this article for all damages sustained by her or by her children on account of such traffic; and the money when collected shall be paid over for the use of herself and children. On the trial of any suit under the provisions of this article the cause and foundation whereof shall be the acts done or injuries inflicted by a person under the influence of liquor, it shall only be necessary to sustain the action to prove that the defendant or defendants sold or gave away the liquors to the person so intoxicated or under the influence of liquor, whose acts or in-

juries are complained of, on that day or about that time when said acts were committed or said injuries were received; and in an action for damages brought by a married woman or other person whose support legally devolves upon a person disqualified by intemperance from earning the same, it shall only be necessary to prove that the defendant has given or sold intoxicating drinks to such person during the period of such disqualification."

As observed in Garrigan v. Thompson, 1903, 17 S.D. 132, 95 N.W. 294, the provisions of R.Pol.C.1903, § 2849 did not provide for exemplary damages as had been the case under the prohibition act.

This legislation was construed several times by this court, and most significantly in Paulson v. Langness, 1903, 16 S.D. 471, 93 N.W. 655, where the court observed that the legislative scheme gave the wife a right of action against not only the licensed dealer but also on the bond of the dealer. This court further observed in that case that the "legislature has provided no remedy in the nature of an action for damages against illicit dealers", 16 S.D. at 473, 93 N.W. at 656, which had been the case under the prior law. See Sandige v. Widmann, 1899, 12 S.D. 101, 80 N.W. 164; Nordin v. Kjos, 1900, 13 S.D. 497, 83 N.W. 573 and Stafford v. Levinger, 1902, 16 S.D. 118, 91 N.W. 462, wherein the legislative intent of the prior law is discussed. The statutes above cited remained the law until their repeal following the re-adoption of Article XXIV of the Constitution of South Dakota as proposed by the Laws of 1915 and adopted in November 1916. Thereafter and until 1935 the liability of illicit dealers was imposed by the second prohibition act previously set forth in R.Pol.C.1919, § 10309, see footnote 1.

■ Following the repeal of prohibition for the second time, pursuant to the provisions of the Laws of 1933 (Special Session), Ch. 128 and adopted in November 1934, the legislature adopted legislation appearing as Chapter 134 of the Session Laws of 1935 in which there was no provision made comparable to R.Pol.C.1903, §§ 2839 and 2849 fixing liability on dealers. There

was carried forward a bond provision appearing as SDC 5.0208 which this court noted did not authorize suit upon the bond in the case of a widow seeking damages for loss of the husband's society, affection or consortium. Swanson v. Ball, 1940, 67 S.D. 196, 291 N.W. 577. The legislature responded to the foregoing decision by the amendment of SDC 5.0208 by Chapter 8 of the Session Laws of 1941. That added to the then existing provisions of SDC 5.0208 the following language:

> "Any person injured by reason of the failure of any such licensee to faithfully obey and abide by all the provisions of this title, or any act amendatory thereto, shall have a direct right of action upon said bond for the purpose of recovering the damage sustained by such person, which action may be prosecuted in the name of the person injured."

This provision remained a part of the law throughout the later amendments of SDC 5.0208, i.e., S.L.1943, Ch. 11, S.L.1959, Ch. 8 (1960 Supp. 5.0208) and appeared in the original Volume 11 SDCL as § 35-4-38. That a common law right of action exists in favor of a wife or widow in cases involving unlawful sales of intoxicants is established by the pronouncement of this court "that independent of any specific statute the wife has a cause of action against anyone wrongfully interfering with the marital relationship regardless of the agency or instrumentality employed to inflict the loss." Swanson v. Ball, 1940, 67 S.D. 161, 290 N.W. 482. See more recently Hoekstra v. Helgeland, 1959, 78 S.D. 82, 98 N.W.2d 669, under which the right of recovery would have been enhanced had the right to sue on the bond been retained by statute. The repeal of SDCL 35-4-38 by Chapter 211, § 121 of the Session Laws of 1971 terminated the right to join the sureties on the bond but the right of the cause of action by a wife remains.

Parenthetically, we observe that what is now SDCL 35-6, governing sales of low-point beer, had as its origin Chapter 12 of the laws of the Special Session of 1933 captioned as an act "RELATING TO THE MANUFACTURE, SALE AND TRANSPORTATION OF NON-INTOXICATING LIQUOR (BEER AND WINE)" which gave some respite to prohibition.

Throughout the history of that law no provision has been made to attach liability to a retailer for unlawful sales. This oversight, if such can be claimed, together with the holding of this court in Moberg v. Scott, 1919, 42 S.D. 372, 175 N.W. 559 and alluded to in Swanson v. Ball, 67 S.D. at 164, 290 N.W. 482, to the effect that the wife's action for loss of consortium does not give rise to a further cause of action for wrongful death under SDCL 21-5-1 would both be resolved had the provisions of House Bill No. 905, introduced in the 1973 legislative session, become law.[2]

■ While this court has reviewed the statutes and decisions of several states[3] we find controlling the statement of this court set forth in Kennedy v. Garrigan, supra, to-wit:

"One thing must be constantly borne in mind when considering these civil damage acts — the right and the remedy created by these statutes are exclusive. No right of action exists save that expressly given by the statute, and the remedy prescribed cannot be enlarged except by further legislative enactment." 23 S.D. at 268, 121 N.W. at 785.

---

2. That proposed enactment reads as follows:
"HOUSE BILL NO. 905
Introduced by: Mr. McFarland
FOR AN ACT ENTITLED, An Act to provide for causes of action by certain persons against persons violating the provisions of title 35 of the South Dakota Compiled Laws.
BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF SOUTH DAKOTA:
Every husband, wife, child, parent, guardian, employer or other person who shall be injured in person or property or means of support by any intoxicated person, or in consequence of the intoxication, habitual or otherwise, of any person, shall have a right of action in his or her own name against any person who shall, by selling or giving to another, contrary to the provisions of title 35 of the South Dakota Compiled Laws, any intoxicating liquors or low-point beer, cause the intoxication of such person, for all damages actually sustained including wrongful death pursuant to chapter 21-5, as well as exemplary damages."

3. In a very recent decision of the Nebraska Supreme Court, Holmes v. Circo, 1976, 196 Neb. 496, 244 N.W.2d 65, Justice Brodkey, the writer thereof, has reviewed not only that state's legislative history but has also cited several decisions construing statutes which were similar to the Nebraska statute 53-180, R.R.S.1943, and which are not unlike SDCL 35-4-78. The Nebraska court also considered the landmark cases of Waynick v. Chicago's Last Dept. Store, 1959, 7 Cir., 269, F.2d 322, 77 A.L.R.2d 1260 and Rappaport v. Nichols, 1959, 31 N.J. 188, 156 A.2d 1 in relation to their statutes and decisions and have, by that process, arrived at the same conclusion reached by this court.

■ The order appealed from is affirmed.

WOLLMAN and ZASTROW, JJ., concur.

DUNN, C. J., dissents.

WINANS, J., concurs in dissent.

DUNN, Chief Justice (dissenting).

I would respectfully submit that the time has come for this court to recognize a common law cause of action by an injured party against a seller of alcoholic beverages to an intoxicated person who causes injury by his intoxication. While it is true that this right of recovery was not recognized originally, there is a great difference between an intoxicated person driving a horse and buggy on a dirt road in 1889 and an intoxicated teenager hurtling down the highway at great speed in a five-thousand-pound automobile in 1972.

> "It is understandable that early cases did not recognize any duty of an innkeeper to the traveling public because a serious hazard did not exist. Through lack of necessity, this phase of negligence liability did not develop. However, there did exist General Common Law Rules of negligence liability based on foreseeability and proximate cause. It is a well established, sound principle of legal philosophy that the common law is not static. Under the skillful interpretation of our Courts, it had been adapted to changing times and conditions of our civilization." Berkeley v. Park, 1965, 47 Misc.2d 381, 262 N.W.S.2d 290, 293.

Other jurisdictions have already recognized a common law right of action. The New Jersey Supreme Court did so in 1959 in the case of Rappaport v. Nichols, 31 N.J. 188, 156 A.2d 1. As part of its opinion the court in that case stated:

> "When alcoholic beverages are sold by a tavern keeper to a minor or to an intoxicated person, the

unreasonable risk of harm not only to the minor or the intoxicated person but also to members of the traveling public may readily be recognized and foreseen; this is particularly evident in current times when traveling by car to and from the tavern is so commonplace and accidents resulting from drinking are so frequent. (Citations and references omitted.) If the patron is a minor or is intoxicated when served, the tavern keeper's sale to him is unlawful; and if the circumstances are such that the tavern keeper knows or should know that the patron is a minor or is intoxicated, his service to him may also constitute common law negligence." 156 A.2d at 8-9.

The United States Court of Appeals for the Fourth Circuit also recognized a common law cause of action in 1959 in a diversity of citizenship suit. The case was Waynick v. Chicago's Last Department Store, 7 Cir., 269 F.2d 322. At page 326 of that opinion the court held:

"In applying the common law to the situation presented in this case, we must consider the law of tort liability, even though the chain of events, which started when the defendant tavern keepers unlawfully sold intoxicating liquor to two drunken men, crossed state boundary lines and culminated in the tragic collision in Michigan. We hold that, under the facts appearing in the complaint, the tavern keepers are liable in tort for the damages and injuries sustained by plaintiffs, as a proximate result of the unlawful acts of the former."

While it is true that South Dakota presently does not have a Dram Shop Act, the legislature has expressly made the conduct of these defendants unlawful. SDCL 35-6-27 provides:

"No licensee under this chapter shall sell or give any low-point beer to any person who is less than eighteen years old or to any person to whom the sale of other alcoholic beverages is prohibited under the provisions of subdivision (2) of § 35-4-78."

Subdivision (2) of SDCL 35-4-78 covers " * * * any person who is intoxicated at the time, or who is known to the seller to be an habitual drunkard." If the allegations in plaintiffs' complaint are true, there is no question that the defendants violated these provisions by selling low-point beer to David Hager when they knew or should have known that he was intoxicated. This being so, negligence can be predicated on this criminal act. This court held in Zakrzewski v. Hyronimus, 1965, 81 S.D. 428, 136 N.W.2d 572, that "violation, without legal excuse, of a statute enacted for reasons of safety constitutes negligence per se and not merely prima facie evidence of negligence." 81 S.D. at 432, 136 N.W.2d at 574. The only question which then remains is whether SDCL 35-6-27 and 35-4-78 were enacted for reasons of safety. I am convinced that they were and agree fully with the statement of the court in Waynick v. Chicago's Last Department Store, supra, at pages 325-326:

> "The Illinois act making unlawful the sale of alcoholic liquor to any intoxicated person is for the protection of any member of the public who might be injured or damaged as a result of the drunkenness to which the particular sale of alcoholic liquor contributes. Obviously the plaintiffs in the case at bar are entitled to the protection given by § 131 of the Illinois Act."

I would hold that a cause of action was created by the very presence of §§ 35-6-27 and 35-4-78 in the South Dakota Codified Laws.*

Had this cause of action not been dismissed, plaintiffs would still face substantial factual and legal obstacles before any monetary recovery could be had. It appears that there are very grave questions presented concerning causation and contributory negligence. However, these are questions which are not for consideration at this time. It is my belief that plaintiffs state a cause of action in their pleadings and they should be allowed to

---

* For a good statement covering all of the issues, I would suggest reading the dissent by Chief Justice Hallows in Garcia v. Hargrove, 46 Wis.2d 724, 176 N.W.2d 566, at page 572, which was joined in by Justices Wilkie and Heffernan.

"have their day in court." I would reverse the order of the circuit court dismissing this case.

I am authorized to state that Justice W.INANS joins in this dissent.